GEORGE SPANAGEL, RESPONDENT, *v.* AMBROSE DELLINGER, RICHARD M. TREADWAY, JOSEPH W. REAY AND JOHN S. ELLIS, APPELLANTS.*

PRACTICE—NEW TRIAL.—The appellate Court will not review any finding of fact by the Court below, unless the statement on motion for a new trial specifies the particulars in which the evidence is alleged to be insufficient to justify the findings.

*This case was before the Court at the Jan. Term, 1868, and is reported in 34 Cal. 476.

IDEM.—It is error for the Court which tried a cause, without a jury, to deny a motion for a new trial, when it admits that improper evidence was received on the trial, even though, in its opinion, the finding and judgment would have been the same if the proper testimony had not been received. Doubted, by SAWYER, C. J., and CROCKETT, J.

EVIDENCE—DECLARATIONS OF GRANTOR.—The declarations of the grantor, in a conveyance charged to be fraudulent, made subsequent to its execution, and while the grantee was in the possession of the property conveyed, and out of his presence, is not admissible in evidence to establish fraud on the part of the grantee or his vendee.

IDEM—If one party reads a portion of a written document in evidence in his behalf, the other party is entitled to the reading of the remaining portions thereof, before the intervention of other testimony.

PRACTICE—NEW TRIAL.—On a motion for a new trial, no question can be entertained except those which *affect the verdict or finding* on the issues. *Per* SAWYER, C. J., CROCKETT, J., concurring.

IDEM.—No question as to the sufficiency of a complaint can be entertained in any proceedings to obtain a new trial.—*Ibid.*

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The facts of the case, so far as they are material to present distinctly the points decided by the Court, are as follows :

The plaintiff, a judgment-creditor of Treadway, brought this action to set aside and have declared fraudulent and void, deeds of conveyance of certain property therein described, from Treadway to Dellinger, and from Dellinger to Reay, on the ground that the first was made with the intention to defraud creditors ; and that the second was obtained by Reay with a full knowledge of such fraudulent intent. And also to enjoin defendant, Ellis, as Sheriff, from executing a deed to said property to defendant, Reay.

The case was tried by the Court, which rendered a decree and made its findings in favor of the plaintiff.

On the trial of the case, the Court admitted evidence of the declarations of Treadway, touching the fraudulent design of his conveyance to Dellinger, subsequent to the execution of said conveyance, and while Dellinger was in possession of the property. It also permitted the plaintiff to read portions of a complaint in a prior suit commenced by Dellinger against Reay, and portions of the answer of Reay thereto, and did not compel or permit the whole of said document to be used in evidence.

Defendants, Reay and Ellis, made a motion for a new trial, and assigned, among others, the above rulings as the grounds for said motion; which was denied by the Court, and the following opinion rendered as the grounds thereof :

" In this action, a decree was rendered in the plaintiff's favor.

"We are asked to grant a new trial, on the ground that the Court admitted declarations of defendant, Treadway, made after he executed a deed to his co-defendant, Dellinger, tending to impeach the *bona fides* of such deed. We have no doubt, now, we committed in that respect an error. (*Cahoon* v. *Marshall,* 24 Cal. 202.)

Yet place *dehors* the record all such declarations, there still remains abundant testimony to support the decree. Consequently, a new trial is denied."

From the order refusing a new trial, the defendants, Reay and Ellis, appealed.

*E. A. Lawrence, E. W. F. Sloan* and *J. McM. Shafter,* for Appellants.

*Jas. B. Townsend* and *Nathaniel Bennett,* for Respondents.

SPRAGUE, J., delivered the opinion of the Court :

The appeal from the judgment in this case having heretofore been dismissed, we can now consider only the appeal from the order denying defendants' (Reay and Ellis) motion for a new trial, and, in reviewing this order, we cannot review any finding of fact by the Court below, under the first general assignment of error, for the reason that appellants, in their statement of motion for new trial, have failed to specify the particulars in which the evidence is alleged to be insufficient to justify the findings. (Practice Act, Section 195; *Hutton* v. *Reed,* 25 Cal. 478 ; *Carleton* v. *Townsend,* 28 *Id.* 220 ; *Vilhac* v. *Biven,* 28 *Id.* 409.) The findings of the Court, therefore, upon the questions of fraud and conspiracy, as affecting the validity of the deed of Treadway to Dellinger, and upon the fact of redemption by Dellinger, as successor in interest of Treadway, of the three fifty-vara lots from the

sale under the Davis judgment, which appellants have so vigorously assailed, cannot, for the reasons above stated, be reviewed or disturbed on this appeal.

We do not deem it necessary to express an opinion upon the point urged by appellant, that the allegations of the complaint are insufficient to constitute a cause of action as to three of the fifty-vara lots described therein, as we regard other points decisive of this appeal.

These points are : First—That the Court erred in admitting, against the objections of defendants, evidence of the declarations and admissions of defendant, Treadway, made subsequent to his deed to Dellinger, and while he, Dellinger, was in possession under the deed of the 24th of October, 1861, to impeach the title transferred by such deed ; and having so admitted and acted upon such evidence in making up its findings and decree based thereon, defendants, upon proper application therefor, were entitled to a new trial ; and it was not competent for the Court, on the hearing of defendants' motion for a new trial, and while its former findings were permitted to stand as the findings upon the whole evidence, to confess error in the admission of the objected evidence, and determine that defendants were not prejudiced thereby, and deny the motion on the ground that there remained sufficient legal evidence to sustain the findings and judgment.    Second—That the Court erred in permitting plaintiff to read in evidence, against objections of defendants, selected parts of a verified complaint of defendant, Dellinger, in a former suit by him against defendant, Reay, and selected portions of said Reay's verified answer thereto, without reading the whole of such complaint and answer, as demanded by defendants ; and in refusing to allow defendants to read in evidence such portions of said complaint and answer as plaintiffs had failed and refused to read.

Each of the latter points we regard as well taken.    The real party in interest in the case, as against the claims of plaintiff, is defendant, Reay ; hence the various declarations and admissions of Treadway, made after his deed to Dellinger, Reay's immediate grantor, and while Dellinger was

in the actual possession of the premises conveyed to him by the deed, were improperly admitted in evidence to impeach the validity of the title thus conveyed. Treadway had no pecuniary interest in the subject-matter of the suit at the time most of these declarations were made, or at the time of the trial, and although evidence of these declarations tended to establish fraudulent design on his part in making his conveyance to Dellinger, still it is irrational to assume that such declaration could be given and used in evidence against him *alone*, without a direct tendency, at the same time, to impeach and impair the title which he had previously conveyed to Dellinger, and thus directly tend to prejudice the title and interests of defendant, Reay. Many of these declarations of Treadway were quite too remote from and disconnected with the act of actual transfer by him to Dellinger, to authorize their admission as part of the *res gestœ*—they were not made pending the formation or execution of his alleged fraudulent design, nor in the presence of or with the knowledge of his grantee; but after he had entirely divested himself of the title and possession of the premises. Such is the character of admissions as testified to by witnesses, Berry and James, against objections of defendants.

We regard it as well settled, that the declarations of a grantor, made subsequent to his deed, in the absence of his grantee, and while such grantee is in the exclusive possession under such deed, cannot be given in evidence to impeach or impair the validity of the title thus transferred. (*Osgood* v. *Manhattan Co.* 3 Cow. 612; *Phœnix Bank* v. *Day*, 5 John. 413; *Arnold* v. *Bell*, 1 Haywood, 396–7; *Fund* v. *Selser*, 4 How. Miss. 520; *Long* v. *Dollarhide*, 24 Cal. 218; *Cahoon* v. *Marshall*, 25 *Id*. 202.)

After such incompetent evidence had been at the trial admitted, and acted upon by the Court in making up its findings and judgment, it was not competent for the Judge, on motion for a new trial, to undertake to determine, after admitting error in the admission of this evidence, that it was cumulative only, and that there was sufficient evidence, independent of it, to justify the findings, and, upon that ground, deny a new trial. From the admission of improper evidence

on the trial, pertinent to any material issue, unless the same be withdrawn before the submission of the cause to the Court or jury, injury is presumed to result to the party against whom such evidence is admitted, and he is entitled to a new trial upon proper application therefor, and no distinction can in that respect be made between causes submitted to a jury for a general or special verdict, or to the Court without the intervention of a jury. (*Osgood* v. *Manhattan Co.* 3 Cow. 612; *Marquard* v. *Webb.* 16 John. 89.)

Plaintiff having read in evidence such portions of the complaint of the defendant, Dellinger, and such portions of the answer thereto of defendant, Reay, as suited his purpose, as admissions of these defendants, they were entitled, on demand, to a reading of the remaining portions thereof immediately and before the intervention of other evidence, so that the entire document could be considered and construed together as a whole, though every portion of the documents may not be entitled to the same weight as evidence. (1 Phil. Ev. p. 406; note 118, pp. 417, 418; 1 Greenl. Ev. Sec. 201.)

The order denying to defendants, Reay and Ellis, a new trial, must be reversed, and the cause remanded for further proceedings.

SAWYER, C. J., delivered the following opinion, in which CROCKETT, J., concurred:

The appeal from the judgment was dismissed, and the appeal from the order denying a new trial is the only one now before us. This appeal only brings up questions affecting the verdict or finding on the issues of fact. The object of the motion for new trial is to get rid of the verdict or finding. The statement only presents the action of the Court during the progress of the trial of the issues joined, and *affecting the verdict or finding* on the issues; it in no way presents any question as to the sufficiency of the complaint to constitute a cause of action. Such questions can only be raised on an appeal from the judgment. The question as to the total insufficiency of the complaint may, it is true, be taken at any stage of the case—that is to say, in any stage of

the proceeding which presents the question; but the statement on a motion for new trial, or the record on a mere appeal from an order denying a new trial, does not and cannot properly present the question. Under our system, from the entry of the verdict or filing of the findings of the Court, the motion for new trial is a kind of episode, or in a certain sense, a collateral proceeding—a proceeding not in the direct line of the judgment; for the judgment may be at once entered and even executed, while a motion for a new trial is pending in an independent line of proceeding, which ends in an order reviewable on an independent appeal. The motion may be heard and decided and an appeal taken on its own independent record, while the proceedings on and subsequent to the judgment may be still regularly going on, and even an independent appeal taken in that line. The question as to the sufficiency of the complaint, and the question arising on the complaint as to who took the title, Spanagel or Dellinger, in view of the two execution sales and the redemption by Dellinger, therefore, are not presented on this appeal. The ruling of the District Court on these questions does not affect the finding on questions of fact sought to be vacated by motion for new trial.

The Court erred in admitting the declarations of Treadway, made after he had conveyed to Dellinger, for the purpose of showing that the conveyance was fraudulent, and defeating the title. (*Osgood* v. *Manhattan Co.* 3 Cow. 623; *Phœnix Bank* v. *Dey*, 5 John. 413; *Long* v. *Dollarhide*, 24 Cal. 227; *Cahoon* v. *Marshall*, 25 Cal. 202.) So also, after the plaintiff had read in evidence, as admissions of defendants, Dellinger and Reay, such portions of their complaint and answer in another suit as suited his purpose, the said defendants were entitled to read the remaining portions of those pleadings, qualifying the portions read, so that the whole might be considered together, and the Court erred in excluding the latter. For this error, the order denying a new trial must be reversed.

The Court, in denying a new trial, admitted its error in receiving the declarations of Treadway made subsequent to the conveyance, but said that the error was of no conse-

quence, because the testimony that remains after striking that out is abundant to support the findings. Undoubtedly, when the case is tried by a jury, and improper evidence is admitted, against the objection of the losing party, that might affect the verdict, ordinarily we must presume that the error was injurious to such party, for we have no means of determining what effect the illegal evidence may have had upon the minds of the jury. But when the case has been tried by the Court without a jury, and the same Judge who tried the case originally passes upon the motion for new trial, and although admitting that some illegal testimony has been received, states that after omitting all such testimony his findings would be the same without it; that he is still satisfied with the findings on the other evidence in the case, and denies a new trial on that ground, I am not now prepared to say that the order should necessarily be reversed for the error in receiving the testimony. We can, in such case, see that the error produced no injury. We can see, when such a state of facts is presented by the record, that the finding would have been precisely the same had the testimony been excluded. The same Judge, in such case, has an opportunity himself to review the whole case without the illegal evidence, and if he is thoroughly satisfied with the findings upon the evidence left after rejecting that which was improperly received—that the findings must necessarily have been the same without as with it—there would seem to be no good reason for trying the issue again. The cases of *Osgood* v. *Manhattan Company* (3 Cow. 612) and *Marquard* v. *Webb* (16 John. 89), were both cases of verdict by a jury. They are, therefore, no authority for the position that there can be no distinction in this respect between cases tried by a jury and cases tried by the Court without a jury. I am not now prepared to say that there is no distinction between such cases. But it is not necessary to determine the point now, for the order must be reversed for the other error, which the Court does not appear to have recognized as an error in denying the motion for new trial. I therefore concur in the judgment reversing the order and granting a new trial.