[No. 969.]

L. P. COSCIA, APPELLANT, v. C. A. KYLE, RESPONDENT.

ACT TO PROTECT THE WAGES OF LABOR—SECTION THREE CONSTRUED—NO-
TICE TO WHOM GIVEN.—In construing section three of the act to protect
the wages of labor (Stat. 1873, 76): *Held*, that notice of the laborer's
claim must be given to the debtor and creditor as well as to the sheriff.
(Hawley, J., dissenting.)

IDEM—TIME FOR COMMENCEMENT OF ACTION UPON DISPUTED CLAIM.—The action upon the claim, if disputed, must be commenced within ten days after the presentation of the claim to the officer who levied the writ. (Hawley, J., dissenting.)

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts are stated in the opinion.

*W. S. Bonnifield and Geo. G. Berry,* for Appellant:

I. It is not claimed that Huntington, Hopkins & Co., or their attorneys, or the Humboldt Mill & Mining Company, gave any notice to the lien claimants that the indebtedness was denied, or that the demand of the lien claimants was disputed. The notice, if any was given, was given by the sheriff. Notice must be given by the party, or his attorney. (Bouvier's Law D., "Notice.") If there is any ambiguity in a notice, the construction must be against the party giving it. (*Carpentier* v. *Thirston,* 30 Cal. 123.)

II. The laborer's lien law for the protection of the wages of labor should be liberally construed by the courts. (*Skyrme* v. *Occidental M. & M. Co.,* 8 Nev. 219.)

*S. S. Grass,* for Respondent.

By the Court, BEATTY, C. J.:

The defendant in this action was sheriff of Humboldt county, and as such, levied an execution upon certain personal property of the Humboldt Mining Company, a corporation, to satisfy a judgment in favor of Huntington, Hopkins & Co. The plaintiff and his assignors were mechanics and laborers holding claims against the corporation for services and labor rendered and performed within ninety days preceding the levy of the execution. The sheriff was notified before the sale of the property of these claims, and of the intention of the holders to demand priority of payment out of the proceeds of the sale. (Comp. L., sec. 143.) He refused, nevertheless, to pay any portion of said claims, although the proceeds of the sale were more than sufficient to satisfy them in full. This action was thereupon com-

menced by plaintiff to recover from the sheriff the full amount of said claims.

The cause was tried before a jury, who found a verdict for the plaintiff.

Afterwards the court granted a new trial, upon the ground, among others, that the verdict was contrary to the evidence in this, that the evidence shows that the claims sued on were disputed, and no suit was ever brought thereon as required in such case by the provisions of the act under which priority of payment was claimed.

This appeal is from the order of the court granting a new trial.

The law under which the plaintiff claims to recover in this action is entitled "An Act to protect the wages of labor," and contains the following provisions:

"Section 3. In all cases of executions, attachments, and writs of a similar nature, against the property of any person or persons, or chartered company, or corporation, it shall be lawful for such miner, mechanic, salesman, servant, clerk, and laborer, to give notice of their claim or claims, and the amount thereof duly certified and sworn to by the creditor or creditors making the claim, to the officer executing either of such writs, at any time before the actual sale of property levied on; and such officer shall pay to such miners, mechanics, salesmen, servants, clerks or laborers, out of the proceeds of the sale, the amount each is justly and legally entitled to receive for services rendered within ninety days next preceding the levy of the writ of execution, attachment or other writ, not exceeding two hundred dollars, in gold coin of the United States; *provided*, if any or all of the claims so presented and claiming preference under this section, shall be disputed by either the debtor or the creditor, the person presenting the same shall commence an action within ten days for the recovery thereof, and shall prosecute his action with due diligence, or be forever barred of any claim of priority payment thereof. But in case action is rendered necessary by the act as aforesaid, by either debtor or creditor, and judgment shall be had for said claim, or any part thereof, carrying costs, the costs

attending the prosecution of said action, and legally taxable therein, shall likewise be a preferred claim with the same rank as the original claim," etc. (Stats. 1873, 76; Comp. L., sec. 143.)

The correctness of the ruling of the district court in granting a new trial depends altogether upon the proper construction of this section of the law, for there was no conflict in the evidence as to the material facts.

It was proved that the plaintiff and his assignors presented their claims duly verified to the sheriff before the sale of the property levied on. There was no proof of any presentation or notice of the claims to the Humboldt Mining Company or to Huntington, Hopkins & Co., except that, as to the latter, it is to be inferred that the sheriff informed them. He testified that he notified the claimants and their attorneys, verbally, that Huntington, Hopkins & Co. denied the claims.

Appellant contends that the district court erred in finding upon this evidence that the claims were disputed. According to his construction of the law, it becomes the duty of the sheriff in cases like this, upon the presentation of claims like that of the plaintiff, to pay them out of the proceeds of the sale, unless either the debtor or creditor in the execution gives formal written notice to the holders of the claims that they are disputed. But this is not the meaning of the statute. Read by itself alone it might be so construed; but it must be considered with reference to the constitution, and, if possible, construed in a sense that will make it conform to the paramount law. The construction contended for by the appellant would make this statute clearly unconstitutional.

No person can be deprived of his property without due process of law. (Const., art. 1, sec. 8.) The proceeds of sale under execution are the property of the judgment creditor to the extent of his judgment, and the judgment debtor is not only the owner of the surplus, but he has a right to insist that no part of the proceeds shall be applied to the payment of any claim against him that has not been ascertained and determined by due process of law. The officer

levying the execution is accountable to the debtor and creditor for the entire proceeds of the sale, and the legislature could not, if it would, absolve him from such accountability by directing him to apply the proceeds to the satisfaction of claims, the validity of which has neither been admitted by them, nor established by legal process.

We do not think that in this instance the legislature has attempted anything of the kind. As we construe the statute, it clearly implies, although it does not expressly say so, that notice of the claims must not only be given to the sheriff, but also to the debtor and creditor, for how otherwise can they dispute the claims?

If this is so, we think it equally clear that it is the duty of the claim-holders to give the notice. The law does not impose the duty upon any one else, and they, as the persons seeking the benefit of the law, must be held to compliance with its conditions. They should, in our opinion, give timely notice of their claims to the parties interested in the fund out of which they demand payment, and should ascertain for themselves whether their claims are disputed.

No power is conferred upon the sheriff to decide this question, and he is not bound to decide it at his peril. If the debtor and creditor, to whom he is accountable for the fund in his hands, give him express authority to pay it out in satisfaction of the claims of third parties, that will justify him in so doing, but without such express authority he is bound to treat all such claims as disputed. He is not a judicial officer; he has no means of acquiring jurisdiction over the parties, and no power to determine the validity of the demands. To him they are claims, and nothing more; and all he is required to do is to retain the proceeds of the sale in his hands until he is authorized either by the express direction of the debtor and creditor, or by the judgment of a competent court, to pay the claims, or until the time for suing on the claims has elapsed, without the institution of any proceedings to establish their validity.

Our construction of the law also differs from that of the appellant as to the time within which action must be commenced on the claims presented to the sheriff in case they

are disputed.   He thinks an action may be commenced at
any time within ten days after formal notice from the debtor
or creditor that the claims are disputed.   We think the
action must be commenced within ten days after the pre-
sentation of the claim to the officer who has levied the writ.
The words of the statute are extremely vague and ambigu-
ous, but the construction we have adopted is at least as nat-
ural as that of appellant, and has the recommendation of
making the law definite and certain, instead of leaving it so
that it would be impossible for a sheriff ever to tell when
he could safely decide that the time for suing was past.

If these views are sound, it follows that the ruling of the
district court in granting a new trial was correct.   The
claims of the plaintiff were disputed.   Not only was there
an entire failure on the part of the debtor and creditor in
the execution to authorize the sheriff to pay them, but the
latter expressly forbade him to pay them.   Under these
circumstances he was bound to hold on to the proceeds of
the execution until the rights of the parties were deter-
mined in due legal form, or until the time for commencing
an action was past.   No action having been commenced
within ten days after the presentation of the claims, his
liability to the plaintiff was at an end, and it was his duty
to apply the funds in his hands according to the respective
rights of the parties to the action in which the execution
issued.

This conclusion and this construction of the laws do not
involve any such hardships to claim-holders as appellant
has suggested in his argument.

If, as we suppose, the officer levying the writ, is bound
to treat all claims as disputed claims until he is expressly
authorized by the debtor and creditor to pay them, it follows
that a refusal of debtor or creditor to give such authority,
when properly demanded, is, in legal effect, a dispute of
the claim, such as will justify the commencement of an
action thereon, and the addition thereto of the costs of
suit.   The proof of demand and refusal in such case could
be made in the same manner that it is made in any other
case where demand and refusal are essential to the right of

action or the recovery of costs, and nothing is more simple, as a general thing, than the making of such proof.

The order of the district court is affirmed.

HAWLEY, J., dissenting:

I agree that the "act to protect the wages of labor," is in some respects vague and indefinite; but, in my opinion, it is not susceptible of the construction which has been given it. As I construe the law, the claimant is only required to give notice of his claim—in the manner specified in section 3—to the officer executing the writ. It seems to have been taken for granted by the legislature that such a notice would be sufficient to enable the debtor, or the creditor, to dispute the claim if they so desired.

The act implies that the officer, upon receiving the notice from the claimant, will, in order to protect himself, notify the debtor and the creditor.

The mere fact that, in the opinion of the court, it would be better to impose that duty upon the claimant instead of the officer, is no reason why the law should be so construed, unless, from the language of the act, it reasonably appears that such was the intention of the legislature.

By the provisions of section 3, the claimant is not required to bring any action, unless his claim is "disputed by either the debtor or the creditor," and, in my opinion, he may bring his action at any time within ten days after receiving notice from the debtor or creditor that his claim is disputed.

Courts are not authorized in order to sustain a law, to give it a construction not supported by the words of the statute. It is their province to conform to the evident intention of the legislature "without indulging in speculation, either upon the impropriety or hardship of the law."