## MASTERSON v. CLARK, Sheriff.

### No. 18,348; September 17, 1895.

#### 41 Pac. 796.

**Replevin.**—A Complaint in Replevin, Which Fails to state that plaintiff is the owner or is entitled to the possession of the property at the commencement of the action, is defective.[1]

APPEAL from Superior Court, Glenn County; Seth Wellington, Judge.

Action by James Masterson, Jr., against P. H. Clark, sheriff of the county of Glenn, to recover the possession or value of

[1] Cited and approved in Byxbee v. Dewey, 128 Cal. 324, 60 Pac. 847, where, however, the defendant, after the overruling of his demurrer on this ground, had answered and gone to trial. It was held that he could not raise the point on the plaintiff's motion for a new trial.

Cited and followed in Holly v. Heiskell, 112 Cal. 175, 44 Pac. 466, the court saying that "an allegation or right of possession on a prior date is insufficient."

Cited and followed in Manti City Savings Bank v. Peterson, 30 Utah, 477, 116 Am. St. Rep. 862, 86 Pac. 414. Although the complaint alleged possession on the second day of September and was filed on the 3d, the demurrer to it was sustained.

certain personal property. Plaintiff had judgment, and defendant appeals. Reversed.

Ben F. Geis for appellant; Charles L. Donohoe for respondent.

PER CURIAM.—The plaintiff brought this action to recover the possession or value of three hundred head of sheep. The complaint was filed September 20, 1893, and it avers that on the eighth day of that month plaintiff was the owner and entitled to the possession of said sheep; that on the said eighth day of September defendant, without plaintiff's consent, and wrongfully, came into possession of said property, and still retains possession of the same; that on the eleventh day of said month plaintiff demanded of defendant the possession of said sheep, but to deliver the possession thereof the defendant refused, and still refuses; that defendant still unlawfully withholds and detains said sheep from the possession of plaintiff, etc. A general demurrer to the complaint was interposed and overruled. The defendant then answered, denying the plaintiff's ownership or right to the possession of the sheep, and setting up facts to justify his taking possession of the same. The case was tried, and the findings and judgment were in favor of the plaintiff. The defendant appeals from the judgment entered against him, and has brought the case here on the judgment-roll alone. The only question presented for decision is, Did the complaint state facts sufficient to constitute a cause of action? It is contended for appellant that the complaint was fatally defective, because it entirely failed to state that the plaintiff was the owner and entitled to the possession of the sheep when the action was commenced. The same question arose in Fredericks v. Tracy, 98 Cal. 658, 33 Pac. 750. In that case the complaint was very similar to the complaint in this case, and it was held to be defective, and cause for reversal. On the authority of that case the judgment here appealed from must be reversed, and the cause remanded, with leave to the plaintiff to amend his complaint if so advised. So ordered.