[L. A. No. 60.   In Bank.—November 30, 1896.]

GEORGE B. TAYLOR, RESPONDENT, *v.* B. P. HILL, SHERIFF, ET AL., APPELLANTS.

LABORER'S LIEN—NOTICE OF CLAIM TO DEBTOR—CONSTRUCTION OF CODE—CONSTITUTIONAL LAW—DUE PROCESS OF LAW.—Sections 1206 and 1207 of the Penal Code, though not expressly requiring service of notice of claims for wages upon the attachment or execution debtor, clearly implies that the debtor, as well as the creditor, is to have notice of the claim and an opportunity to dispute it, in providing that if he disputes the claim, he must, within ten days after receiving notice, serve upon the claimant, and the officer executing the writ, a verified statement in writing, setting forth that no part, or not more than a specific portion of said claim is justly due; and such notice and opportunity to the debtor to dispute the claim is essential to the constitutionality of the act, which would otherwise deprive the debtor of his property without due process of law.

ID.—NOTICE TO RECEIVER OF INSOLVENT DEBTOR—LEGAL REPRESENTATION.—The sheriff, as receiver of an insolvent debtor, under the Insolvent Act, is a mere custodian of the property of the insolvent, pending the appointment of the assignee, and does not represent the insolvent debtor for the purpose of defending actions, and service of notice upon him of

u laborer's claim for wages is not given to the legal representative of the insolvent.

ID.—PLEADING—DEMURRER TO COMPLAINT.—A complaint in an action to compel a sheriff to apply the proceeds of a sale of property under execution to the payment of claims for wages against the judgment debtor, which fails to allege that notice of the claims in suit was given to the defendants in the suit in which the property was attached and sold under execution, is insufficient, and a demurrer thereto should be sustained.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. GEORGE PUTERBAUGH, Judge.

The facts are stated in the opinion of the court.

*V. E. Shaw*, for Appellants.

While section 1206 of the Code of Civil Procedure does not, in express terms, require that notice shall be given to the debtor, it does give him the right to dispute and contest the claims, but, in the absence of any notice of the claims, he is left without opportunity to contest same. (*Coscia* v. *Kyle*, 15 Nev. 395; *Mohle* v. *Tschirch*, 63 Cal. 383; *Carter* v. *Green Mountain etc. Min. Co.*, 83 Cal. 222; *Alexander* v. *Archer*, 21 Nev. 22.) It was not sufficient to serve the notice upon E. W. Britt, who had been the attorney of the guardian of the minor in the former action. (*Cole* v. *Superior Court*, 63 Cal. 86; 49 Am. Rep. 78; Civ. Code, sec. 42; Code Civ. Proc., secs. 372, 1759; *Townsend* v. *Tallant*, 33 Cal. 45; 91 Am. Dec. 617; *Emeric* v. *Alvarado*, 64 Cal. 529; *In re Cahill*, 74 Cal. 56; Schouler on Domestic Relations, secs. 296, 450, 451.) Scott Palmer, by reason of being under eighteen years of age, could not assign his alleged claim for labor. (Civ. Code, secs. 33, 197, 211.)

*Collier & Collier*, and *D. L. Murdock*, for Respondents.

The statute (Code Civ. Proc., sec. 1206) makes the attorney of the plaintiff in the original action his agent for all the purposes of the intervention contemplated by that section. (*Carter* v. *Green Mountain etc. Min. Co.*, 83 Cal. 222.)

BEATTY, C. J.—In the former opinion delivered in this case, it was erroneously held that there was no appeal from the judgment, and accordingly the only questions considered were those presented by the appeal from the order denying a new trial. For this reason alone a rehearing was ordered, and, in disposing of the only question raised by the appeal from the judgment, we readopt the former opinion as to matters therein discussed.

The question now to be determined arises upon the demurrer to the complaint which fails to allege that any notice of the claims of plaintiff and his assignors was given to the defendants in the attachment suit of *West* v. *Palmer & Co.* The statute (Code Civ. Proc., secs. 1206, 1207) does not expressly require service of notice of claims for wages upon the attachment or execution debtor, but it clearly implies that he is to have notice, for it expressly provides (Code Civ. Proc., sec. 1207) that if he disputes the claim he must, within ten days *after receiving notice*, serve upon the claimant, and the officer executing the writ, a verified statement in writing, setting forth that no part, or not more than a specific portion, of said claim is justly due. The plain intention of the legislature is, therefore, that the debtor, as well as the creditor, shall have notice of the claim and an opportunity to dispute it. And this, indeed, is essential to the constitutionality of the act, which would otherwise deprive the debtor of his property without due process of law. (*Coscia* v. *Kyle*, 15 Nev. 394.)

It is claimed, however, on behalf of respondent, that although no notice was given to the execution debtors, it was given to their legal representative.

The complaint shows that on March 7, 1894, they were adjudged to be insolvent debtors, and the defendant herein, B. P. Hill, as sheriff, was appointed receiver of their several estates, and that after this date on March 24, 1894—notice of the claim for wages was served upon him.

But the sheriff, as receiver of an insolvent, under the

Insolvent Act, does not represent him for the purpose of defending actions, unless invested with a special authority in addition to that conferred by law.    The statute makes him a mere custodian for safekeeping of the tangible property, deeds, vouchers, etc., of the insolvent, pending the appointment of the assignee, who alone has authority to represent the insolvent in litigated matters.    (Act of April 16, 1880, sec. 6.)

The court erred in overruling the demurrer, and its judgment is for that reason reversed, and the cause remanded, with leave to plaintiff to amend his complaint.

VAN FLEET, J., TEMPLE, J., and HENSHAW, J., concurred.

The following is the opinion rendered in Department Two:

VANCLIEF, C.—This action was brought under section 1206 of the Code of Civil Procedure to compel the defendant, Hill (sheriff), to apply proceeds of a sale of property on execution to the payment of the claims of plaintiff and his assignors for labor performed for the judgment debtors within sixty days next preceding the levying of the execution.

The execution on which the sheriff sold the property was issued on a judgment for five thousand dollars in favor of T. West, Jr., an infant aged seven years, and against J. D. Palmer and W. H. Palmer, copartners, of the firm name of Palmer & Co.    The judgment was obtained on February 21, 1894, and the execution was issued and levied on all the property of Palmer & Co. on February 23, 1894.

Before the sale of the property by the sheriff, to wit, on March 24, 1894, the plaintiff herein and four others, claiming that Palmer & Co. were indebted to them severally for labor performed by each of them within sixty days next preceding February 23, 1894, notified the sheriff and the judgment creditor of their several claims and the amount thereof, and demanded that said claims

be first paid from the proceeds of the sale of the property levied on, according to section 1206 of the Code of Civil Procedure. Said claims were disputed by the judgment creditor, and thereupon each of the other claimants assigned his claim to plaintiff, who, in due time, commenced this action.

The court found said claims to be valid claims against Palmer & Co. to the amount of three hundred and thirty-four dollars and nine cents, for labor performed within sixty days next preceding the day on which the execution was levied, and that the sheriff had in his hands six hundred and seventy-five dollars of the proceeds of the sale of said property; and thereupon ordered and adjudged that the sheriff pay to plaintiff, from said proceeds of sale, the said sum of three hundred and thirty-four dollars and nine cents, and costs taxed at twenty-six dollars and sixty cents.

Defendants bring this appeal from an order denying their motion for a new trial; but have not appealed from the judgment.

1. The principal point urged by appellants is that the complaint does not state a cause of action, because it is not therein alleged that either the plaintiff, or any one of his assignors, gave notice of his claim to the judgment debtors, Palmer & Co. They contend that, although the statute does not expressly require such notice to the judgment debtor, it does so by implication.

Upon this point it is necessary to say only that no question as to the sufficiency of the complaint can be considered on appeal from an order denying a new trial. (*Spanagel* v. *Dellinger*, 38 Cal. 278; *Brison* v. *Brison*, 90 Cal. 326.)

2. It is contended that the finding by the court, that due notice of the several claims of plaintiff and his assignors was served upon the judgment creditor, is not justified by the evidence.

The judgment creditor being an infant, his father (Tom West) was appointed his guardian *ad litem* for the purposes of the action in which he recovered the said

judgment for five thousand dollars against Palmer & Co. The guardian *ad litem* employed an attorney at law, E. W. Britt, Esq., to commence and conduct that action. The complaint in that action was signed, "Tom West, guardian *ad litem*, E. W. Britt, attorney for guardian *ad litem*," and a demurrer to the answer of the defendants therein was signed, "E. W. Britt, attorney for plaintiff."

On behalf of defendants herein Mr. Britt testified, in substance, that he was employed by the guardian *ad litem* to commence and prosecute the action of *T. West, Jr.*, v. *Palmer & Co.;* that he, as attorney at law, conducted the proceedings in that action, and was the only attorney that appeared therein for either T. West, Jr., or the guardian *ad litem;* that in his absence his clerk signed his name to the demurrer to the answer in that action, and also to written admissions of service of notices of the several claims and demands of plaintiff herein and his assignors against Palmer & Co. as "attorney for plaintiff" in that action; and that his clerk had authority from him to accept service of papers for all parties whom he represented as attorney. The judgment creditor having disputed the claims of plaintiff and his assignors against Palmer & Co. as aforesaid, he, with the sheriff, jointly answered plaintiff's complaint in this action, their answer being introduced by the following language:

"Come now B. P. Hill, as sheriff, by his attorney, and T. West, Jr., by Ruth West, his guardian, and answer the plaintiff's complaint herein as follows."

This answer is signed: "E. W. Britt, attorney for defendants."

Upon the pleadings and evidence as above stated, appellant contends that Mr. Britt was not authorized to admit service of the notices for the infant judgment creditor as he did; and, therefore, that said notices to him are not such notice "to the creditor" as required by section 1206 of the Code of Civil Procedure; and, for this reason alone, it is claimed that the finding of due notice to the creditor is not justified by the evidence.

I think the notices were properly served on Mr. Britt. Undoubtedly, the guardian *ad litem* had authority to employ a professional attorney at law to commence the action and conduct the proceedings therein on the part of the infant. (*Cole* v. *Superior Court*, 63 Cal. 86; 49 Am. Rep. 78; *People* v. *New York Common Pleas*, 11 Wend. 166.) And it was held in the case of *Carter* v. *Green Mountain etc. Min. Co.*, 83 Cal. 222, that in cases under section 1206 of the Code of Civil Procedure, the notice of plaintiff's claim was properly served on the attorney for judgment creditor. The court said: "The attorney for the plaintiffs, in an action, is their agent for all its purposes, and on him all the papers made by defendants and counterclaimants are to be served. He may direct the sheriff as to what property he shall seize, and may receive and receipt for any money realized from a sale thereof." (See, also, Schouler on Domestic Relations, sec. 346.) No authority has been cited, and I have found none, to the effect that the authority and duties of an attorney, employed by a guardian *ad litem* to conduct the proceedings in an action by or against an infant, are more restricted than in any other case. After diligent search, I have been able to find only one case in which it was questioned that the authority of an attorney employed to prosecute or defend an action for an infant was the same as in other cases; namely, *People* v. *New York Common Pleas*, *supra*, which was a suit by the infant, Baker, commenced by Hitchcock as *prochein ami* (equivalent to guardian *ad litem*). After the suit had been commenced and certain proceedings taken therein by Hitchcock, J. Blunt was retained as attorney for plaintiff, and filed a replication to one of the pleas of defendants and a demurrer to the other, and served them on defendant's attorneys with notice of a rule requiring defendants to join in demurrer. The replication and demurrer were signed: "J. Blunt, att'y and of counsel," and the notice was signed "J. Blunt, att'y." Afterward, the default of the defendants for not joining in demurrer was entered.

The rule for the default and the rule to join in demurrer were entered in the common rule book in the name of "J. Blunt, att'y for plt." The court of common pleas set aside the default with costs, holding that all the proceedings on the part of the plaintiff by and in the name of Blunt as attorney were irregular. An alternative *mandamus* from the supreme court, requiring the common pleas to vacate the order setting aside the default, was made peremptory. Savage, C. J., said: "The rule that a plaintiff who appears first by *prochein ami* shall not afterward appear by attorney, relates to the appearance on the record. . . . . The question then is, May an attorney who conducts the proceedings do so in his own name, or is he obliged to sign the name of the *prochein ami* to his notices, and use the name of the *prochein ami* in entering rules, as if he were attorney? I am of opinion he is not bound to do so, but may conduct the proceedings in his own name." If the attorney, Blunt, had authority to conduct the proceedings and give notices pertaining thereto in his own name, he must have had authority to accept and admit service of like notices from defendants.

I think, however, the point under consideration may be disposed of in respondent's favor upon the ground that the issue to which the finding in question responds is wholly immaterial, for the reason that the infant creditor, by his guardian *and attorney*, appeared and answered plaintiff's complaint in this action, and thereby waived prior notice of plaintiff's claim or demand; and this view of the matter also answers the argument of appellant, based on the assumption that this is a distinct original action, and is not in the nature of an intervention in the action of *West, Jr.,* v. *Palmer & Co.* By their voluntary appearance and answer, the defendants submitted themselves to the jurisdiction of the court Their denial in their answer that notice of plaintiff's claims was served on the judgment creditor, raised an immaterial issue, and whether or not the finding of the court upon that issue is justified by the evidence is of

no legal consequence. (*Randall* v. *Falkner*, 41 Cal. 242; *Havemeyer* v. *Superior Court*, 84 Cal. 327; 18 Am. St. Rep. 192.)

3. The court found that Palmer & Co. were indebted to Oscar Palmer, Allen Coburn, and Scott Palmer, three of plaintiff's assignors, as follows: To Oscar Palmer, fifty-nine dollars and seventy-one cents; to Allen Coburn, fifty-four dollars and forty-eight cents; and to Scott Palmer, sixty-two dollars and sixty cents.

It is contended that, as to the first two, the finding is not justified by the evidence, because the evidence showed that Oscar Palmer and Allen Coburn were each indebted to J. D. Palmer, individually, in the sum of about twenty dollars for board, which should have been, but was not, deducted by the court from the indebtedness of J. D. Palmer & Co. to them. It seems too clear to admit of argument that the deduction or setoff claimed was properly refused.

As to Scott Palmer, it appeared that he was a son of J. D. Palmer, and under eighteen years of age, and it is contended: 1. That his earnings belonged to his father; and 2. That even if the father had relinquished to his minor son the right of controlling him, and the right of receiving his earnings, pursuant to section 211 of the Civil Code, yet the son could not have assigned to the plaintiff the debt due him from Palmer & Co., because such debt, though his personal property, was "not in his immediate possession or control," in the sense of section 33 of the Civil Code.

The evidence tended to prove that the father had relinquished to the son the right to control him, and the right to receive his earnings, and justified the findings to this effect; and I think the debt due him for his labor was under his control in the sense of section 33 of the Civil Code, and was therefore assignable by him. (See Schouler's Domestic Relations, secs. 267, 268.)

4. It is claimed that the findings that Palmer & Co. had been adjudged insolvent, and that the defendant sheriff was their assignee at the time notice of the claims

of plaintiff and his assignors were served on him, are not justified by the evidence.

If, however, the foregoing opinion is correct, these findings are wholly immaterial.

I think the order should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.