[S. F. No. 1227. Department One.—April 4, 1900.]

## J. O. BYXBEE, Respondent, v. HENRY DEWEY, Appellant.

ORDER GRANTING NEW TRIAL—RECORD UPON APPEAL—SPECIFICATIONS.— Upon appeal from an order granting a motion for a new trial, the sole object of the appeal is to determine whether the court erred in granting the motion on the record made up by the moving party in respect of any one or all of the grounds specified by him. There can be no other record upon such an appeal than that made up by the moving party; and no specifications are required to be made by the appellant.

ID.—REVIEW UPON APPEAL FROM ORDER—PLEADINGS—CLAIM AND DELIVERY — INSUFFICIENT COMPLAINT.—Upon appeal from an order granting a new trial in an action of claim and delivery, the insufficiency of the complaint to state a cause of action, or to support the judgment, for want of an averment of ownership or right of possession of the plaintiff at the time the action was commenced, is not open to review, and cannot be considered. The appeal involves only such matters as were presented on the motion for a new trial.

ID.—REVIEW OF GROUNDS OF MOTION — SILENCE OF ORDER.—An order granting a new trial, which is silent as to the grounds or rea-

sons upon which it is based, must be presumed to have been made upon any valid ground upon which it can be sustained, which was specified by the moving party.

ID.—VERDICT—INSUFFICIENCY OF EVIDENCE—CONFLICTING EVIDENCE—DUTY OF TRIAL JUDGE.—If the trial judge is not satisfied with the verdict of the jury, it is his duty to grant a new trial for insufficiency of the evidence to justify the verdict; and he is not bound by the rule of conflicting evidence in passing upon the motion.

ID.—ORDER CONSISTENT WITH DECISION UPON FORMER APPEAL—VALIDITY OF SALE OF PERSONAL PROPERTY—WANT OF DELIVERY AND CHANGE OF POSSESSION.—Where the principal question of fact related to the validity of a sale of the personal property involved in the action to the defendant, and the evidence was substantially the same as that considered by this court upon a former appeal, upon which it was held that the evidence did not show an immediate delivery and actual and continued change of possession, as required by section 3440 of the Civil Code, an order granting a new trial, in harmony with the view of the evidence taken by this court, should be affirmed.

APPEAL from an order of the Superior Court of Fresno County granting a new trial.   E. W. Risley, Judge.

The facts are stated in the opinion.

W. D. Grady, for Appellant.

L. L. Cory, for Respondent.

CHIPMAN, C.—Claim and delivery.   The case was here once before and is reported in 47 Pacific Reporter, at page 52. The facts and law of the case as it then stood appear fully there and need not be repeated.   One of the points upon which the judgment was reversed was that the evidence failed to show an immediate delivery and actual and continued change of possession by defendant in the sale and purchase under which he claimed.   Upon the second trial defendant again had judgment.   Plaintiff gave notice of motion for a new trial, specifying fully and particularly the grounds of the motion and stating that it would be made on the minutes of the court.   The record shows that on May 12, 1897, the court made an order granting plaintiff's motion.   The statement on motion was settled and allowed by the court October 15, 1897, and consists of the proceedings had at the trial, and plaintiff's notice of mo-

tion setting forth the grounds on which it would be made. This statement and the notice of the appeal from the order, together with the judgment-roll, constitute the record.

1. Respondent makes the point that because appellant made no specifications of any insufficiency of the evidence to justify the verdict, and specified no errors of law occurring at the trial upon which he would rely, the statement cannot be considered. (Citing *Leonard v. Shaw,* 114 Cal. 69.)

Respondent misinterprets the provisions of the code on which he relies. The party who moves for a new trial is the party called upon to prepare a bill of exceptions, statement, the affidavits, or whatever is relied upon as ground for his motion. The record thus presented must contain specifications, as pointed out in *Leonard v. Shaw, supra,* and in *Sprigg v. Barber,* 122 Cal. 573, and other cases, for the obvious purpose of furnishing the appellate court the grounds upon which the moving party expects to rely should his motion be denied. The party who prevailed at the trial has no errors, committed at the trial, to complain of, and if he had he would not be heard to complain, for he was not injured thereby. If, however, the motion be granted, he then has cause for complaint and the statute gives him an appeal from the order. The sole object of this appeal is to determine whether the court erred in granting the motion on the record made up by the moving party, in respect of any one or all the grounds stated in the specifications presented by the moving party; there can be no other record on which to appeal, for it is the only one presented to the trial court; there can be no other specifications for like reason.

2. Defendant demurred to the complaint as insufficient and also on the ground of uncertainty, and the demurrer was overruled. Defendant thereupon answered and went to trial and had the verdict. He now claims that the court was without jurisdiction because the complaint failed to allege ownership or right of possession at the time the action was commenced. (Citing *Afflerbach v. McGovern,* 79 Cal. 268; *Fredericks v. Tracy,* 98 Cal. 658; *Holly v. Heiskell,* 112 Cal. 174; *Masterson v. Mc-Govern,* 41 Pac. Rep. 796.) These cases hold that unless the complaint shows ownership or right of possession at the time the action is commenced, there is no cause of action stated.

Respondent apparently concedes the point to ˏbe well taken, but meets it by the contention that as this is an appeal from an order granting a motion for new trial, and not an appeal from the judgment, the pleadings and judgment are not open to review in this proceeding. (Citing *Spanagel v. Dellinger*, 38 Cal. 278, referred to and affirmed in *Brison v. Brison*, 90 Cal. 323; *Bode v. Lee*, 102 Cal. 583, and *Taylor v. Hill*, 115 Cal. 143.) These were cases where the motion was denied and the moving party appealed from the order but did not appeal from the judgment, and it was held that if the moving party desired to call in question the sufficiency of the complaint, he must also appeal from the judgment.

I have not found a case, and we are cited to none, where the party who had the judgment appealed from the order granting a new trial to the unsuccessful party, and sought also, by his appeal from the order, to have the sufficiency of the complaint passed upon. It was said in *Bode v. Lee, supra,* that "an appeal from an order granting or denying a new trial does not involve any consideration of the correctness of the judgment. That question can be determined only by an appeal from the judgment itself. The motion for a new trial is in the nature of a distinct proceeding, and is to be heard upon an independent record distinct from the record upon which the judgment depends. In the present case this record consists of a statement of the case prepared after the trial. Upon the hearing of this motion reference may be had to the pleadings (Code Civ. Proc., sec. 660), but the correctness of the order must be determined by the record upon which it rests." The opinion then points out the purpose of this "reference" to the pleadings, and further says: "But whether the complaint is sufficient to support the judgment, or whether the court erred in overruling a demurrer to the complaint, can be considered only upon an appeal from the judgment. Neither of these matters is involved in the re-examination of an issue of fact after a trial and decision by a jury or court." We see no reason why the rule should not apply in a case like the present one. It is true the defendant could not appeal from the judgment, and he was therefore deprived of the means, at that stage of the proceedings, of having his demurrer passed upon by his appeal

from the order. But he could have refused to answer after his demurrer was overruled, relying on his demurrer, and could have appealed from the judgment which plaintiff would have recovered, and defendant could thus have had the sufficiency of the complaint passed upon. To allow him to do so now would be a hardship on the plaintiff, who, if the court should hold the complaint fatally bad, would have no remedy. On the other hand, if the order granting a new trial be affirmed, defendant can again renew his demurrer and plaintiff can have, and he should have, an opportunity to amend. In our opinion the reasons on which the rule is grounded apply with equal force to the present case. There were no matters before the lower court for consideration except such as were presented by the motion and as appeared in the statement. The appeal is from the order made on that motion and involves only such matters as were presented by the motion.

3. Looking to the statement and the grounds on which the motion was granted, we must affirm the order if for any one of the errors complained of by the moving party the court was justified in granting the motion. The cause was tried by a jury and there are no findings of fact. The motion was granted, and no reasons were given by the court for making the order. Where the order is silent as to the ground on which it was made, and the record shows the existence of a valid ground, the court will presume that the order was made upon that ground. If the trial judge is not satisfied with the verdict of the jury, it is his duty to grant the new trial, and the trial court is not bound by the rule as to conflicting evidence as is this court. (*Condee v. Gyger,* 126 Cal. 546, and cases there cited.)

The principal question of fact related to the sale by defendant's grantor to defendant, and whether it was in violation of section 3440 of the Civil Code. The evidence upon this point is much the same as at the first trial. The view of the evidence taken by this court on the former appeal we think fully justifies us in holding that the trial court committed no error in granting the motion.

The order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.            Harrison, J., Van Dyke, J., Garoutte, J.