[Civ. No. 1824.    Third Appellate District.—February 15, 1918.]

FLORENCE ELLIOT STINNETT, Petitioner, v. THE SUPERIOR COURT, etc., et al., Respondents.

ACTION FOR DIVORCE—NEW TRIAL—AMENDMENT TO CROSS-COMPLAINT—HEARING AND JUDGMENT—POWER OF COURT.—Where in an action for divorce the defendant's motion for a new trial is granted, the judgment is in effect set aside, and the court has power thereafter to allow an amendment to the cross-complaint, hear the issues raised thereby, make findings and enter judgment thereon.

ID.—APPEAL FROM JUDGMENT—TRIAL OF NEW ISSUES PENDING APPEAL—JURISDICTION.—Where in an action for divorce after entry of judgment in favor of defendant, the plaintiff moved for a new trial and the defendant also moved for a new trial on certain special issues, and the plaintiff's motion was denied and the motion of the defendant granted, the taking of an appeal thereafter by plaintiff from the judgment did not prevent the court from trying such special issues, and where a judgment was entered on such issues in favor of defendant the plaintiff had the right of appeal therefrom, which furnished a plain, speedy, and adequate remedy precluding a right to have the second judgment reviewed by writ of review.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Third Appellate District to annul a judgment in an action for divorce.

The facts are stated in the opinion of the court.

Terry W. Ward, for Petitioner.

THE COURT.—This is a proceeding for a writ of review. It appears by the petition that petitioner brought an action against George Stinnett, her husband, for a divorce. On October 9, 1917, defendant in that action filed answer and cross-complaint. On October 22, 1917, plaintiff in the action filed her answer to said cross-complaint and on November 2, 1917, the cause was tried and submitted to the court for decision. On November 15, 1917, the court signed findings and conclusions of law and on the same day entered judgment, awarding a divorce to defendant in the action, and on the same day plaintiff in the action served and filed her motion of intention to move for a new trial. On November 24, 1917, defendant served and filed notice of intention to move for a new trial on certain stated special issues, to wit, whether or not at the commencement of the action plaintiff was a resident of Merced County and had been such resident for one year continuously preceding the commencement of the action; and whether or not plaintiff is the wife of said defendant, and that said motion will be made on the ground that the court made no findings on said issues. On November 26, 1917, the court made an order granting defendant's motion for a new trial on said special issues and denied plaintiff's motion for a new trial.

On December 7, 1917, plaintiff in the action filed notice of appeal "from said judgment and interlocutory decree of divorce made and entered" November 15, 1917, "and from the whole thereof." On December 12, 1917, defendant filed motion for leave to file amendment to his said cross-complaint, that said plaintiff was at the commencement of the action and for one year preceding thereto had been and was such resident continuously; and that on said day he by leave of court filed said amendment; that on said seventeenth day of December, 1917, the court "tried the special or particular issues," hereinbefore specified, and received evidence in proof of the allegations contained in the amended cross-complaint, and on said day "and before the trial of said particular issues, your petitioner, acting through her attorney, Terry W. Ward, objected to said court proceeding with said trial, or proceeding or performing any further judicial act, function or action, upon the ground that petitioner had on the 7th day of December, 1917, filed her notice of appeal from the judgment rendered in said action on the 15th day

of November, 1917, and that said court therefore was without jurisdiction to proceed further in said action.    That said court proceeded to try said particular issues and thereafter on the 16th day of January, 1918, signed and filed its findings of fact and conclusions of law,'' and on said day made and entered its interlocutory decree awarding said George Stinnett his decree of divorce from said plaintiff.    It is alleged that the court was without jurisdiction to render said judgment and decree on the ground that the court had no jurisdiction ''to perform any judicial act in said cause from and after the date of the filing of petitioner's notice of appeal from said judgment and decree made and entered by said court on the 15th day of November, 1917.''

The situation briefly is this: Judgment was entered; both parties moved for a new trial; the motion was denied as to plaintiff and was granted as to defendant; after these orders were made, plaintiff gave notice of appeal from the judgment; shortly thereafter defendant, by leave of court, filed an amendment to his cross-complaint alleging residence of the plaintiff and the court, over plaintiff's objection, proceeded to take evidence upon the special issue referred to in defendant's motion, made and filed findings of fact and conclusions of law and entered judgment awarding defendant a divorce.    The question is, Had the court jurisdiction to proceed in the case after notice of appeal from the judgment?

The proceedings for a new trial are independent and collateral to the judgment for, ''under our system, from the entry of the verdict or filing of the findings of the court, the motion for a new trial is a kind of episode, or in a certain sense, a collateral proceeding—a proceeding not in the direct line of the judgment; for the judgment may be at once entered and even executed, while a motion for a new trial is pending in an independent line of proceeding, which ends in an order reviewable on an independent appeal.''    (*Spanagel v. Dellinger*, 38 Cal. 278, 284; 1 Hayne on New Trial and Appeal, Rev. ed., p. 15.)

The granting of defendant's motion for a new trial had the effect to set aside the judgment, and the court had the power thereafter to allow defendant's proposed amendment to his cross-complaint and to hear and determine the case, make findings, and enter judgment thereon.

Furthermore, plaintiff had her right to appeal from this second judgment and to move for a new trial and thus bring up for review these later proceedings. This right furnished a plain, speedy, and adequate remedy which, under the statute, precludes her right to a writ of review. (Code Civ. Proc., sec. 1068.)

For the foregoing reasons, the writ is denied.