T. T. HALL, DOING BUSINESS AS HALL'S HARDWARE,
APPELLANT, *v.* JOE ADAIR, DEFENDANT, AND T. J.
McLAUGHLIN, SHERIFF OF WHITE PINE COUNTY,
STATE OF NEVADA, RESPONDENT.

No. 3651

October 17, 1952.                    249 P.2d 231.

*Gray & Horton,* of Ely, for Appellant.

*C. J. McFadden,* of Ely, and *Cooke & Cooke,* of Reno,
for Respondent.

**OPINION**

By the Court, BADT, C. J.:

Hall sued Adair, obtained a default judgment, and levied on funds in the hands of one Bert Paris, which had theretofore been attached. Paris did not dispute his indebtedness to Adair, nor did he protest the levy or intervene or in any way become a party to the litigation. Hall demanded of the sheriff that the latter pay over to him on his judgment and execution sufficient of

the funds levied upon to satisfy the same. In the meantime one Scow, on behalf of himself and some 11 other persons, filed with the sheriff a claim that they had performed services *for Paris* and were entitled to a preferred claim against the fund under the provisions of sec. 9041, N.C.L.1929. The sheriff refused, and Hall sought, under the provisions of sec. 2153, N.C.L.1929, an order of the court requiring such payment. After a hearing upon the motion, the court held that the claimants were entitled to the protection and relief afforded by the statute and denied the order. This appeal from such denial presents the sole question as to whether the laborers, specifically claiming to have performed their labor for Paris, had a preferred claim under the statute against the funds collected by the sheriff from Paris by reason of Hall's judgment against Adair and the levy made thereunder.

We are clearly of the opinion that they had not. There is nothing in the record to indicate any connection between the labor performed for Paris and the debt of Paris to Adair or to the transaction which resulted in that debt. There is nothing in the record attacking the validity of either the debt from Adair to Hall or the debt from Paris to Adair. The written opinion and decision of the trial court indicates that in the action of Hall v. Adair, Scow filed a third-party claim contending that the debt from Paris was properly owing not to Adair but to Scow. This claim was rejected by the trial court and no appeal from such rejection was taken. The language of the learned trial judge is illuminating in this regard. He said: "Nor is it helpful to recall that on April 28th, two days after levy of the attachment, the same Alf Scow made duly acknowledged claim that the attached moneys belonged to him as an absolute owner as a contractor in connection with the shearing of the Paris sheep, the law in such case not providing any preference of course. It is true this claim was made in the way of a third-party claim, which was denied on

the showing made but in one breath Scow claims the proceeds as his own and in the next attempts to preserve the individual claims of the wage earners, by attempting to assert their individual claims to a preference provided by law."

Upon the record, therefore, Paris's debt was properly owing to Adair and the money realized therefrom was Adair's property and subject to the attachment and subsequent levy of execution by Hall. Section 9041, N.C.L. 1929, as construed and discussed in the early case of Alexander v. Archer, 21 Nev. 22, 24 P. 373 (where the section will be found quoted in full), was enacted to secure the claims of laborers who had by their labor contributed to the enhancement of the value of their *employer's* property, and to give them a preferred claim against the property *of the judgment debtor,* whose value they had thus enhanced, so that the first attachment or writ of execution on behalf of some other creditor would not exhaust the debtor's property. The filing of the preferred claim and the statutory service on the creditor, the debtor and the sheriff was in that case said to be in the nature of an intervention with notice that the labor claimant had an interest in the action as against both the plaintiff and the defendant, with a lien upon the fund resulting from the plaintiff's attachment of the defendant's property. The original garnishee, the debtor of the defendant, is neither a party to the original action or the so-called intervention. He has no opportunity to defend against any claim made against him in those proceedings.

In short, the preference which the statute contemplates in such a case as this would be a preference over Hall as between debts owed by Adair to Hall on the one hand, and to the labor claimants on the other. Here there is no contention that Adair owes anything to the labor claimants. The preference which the sheriff seeks

here to enforce is a preference over Adair as between debts owed by Paris to Adair on the one hand or to the labor claimants on the other. Such preference is not afforded by the statute.

In the oral argument of the appeal respondent sheriff, conceding that the labor claims were against Paris and not against Adair, insisted that the vital question was whether the proceeds in his hands were the property of Adair or of Paris, and that Hall had failed to prove that they were owned by Adair. But the history of the case (so far as disclosed by the record) and the absence of Paris from the proceedings preclude this inquiry. This court in an earlier case, construing the same section before it was amended to require service of notice of the labor claims on the creditor and debtor, said:

"The proceeds of sale under execution are the property of the judgment creditor to the extent of his judgment, and the judgment debtor is not only the owner of the surplus, but he has a right to insist that no part of the proceeds shall be applied to the payment of any claim against him that has not been ascertained and determined by due process of law. The officer levying the execution is accountable to the debtor and creditor for the entire proceeds of the sale, and the legislature could not, if it would, absolve him from such accountability by directing him to apply the proceeds to the satisfaction of claims, the validity of which has neither been admitted by them, nor established by legal process." Coscia v. Kyle, 15 Nev. 394.

At the time of the argument and submission of this case on the merits, respondent also submitted his motion to remand the record to the district court so as to include therein an affidavit of Adair purporting to show that the attached funds were in no event due from Paris to Adair, but were payable by Paris to Alf Scow, contractor for the shearing of the Paris sheep, on which

job the labor claimants in question were the shearers, packers, etc. It appears that this affidavit was offered in support of Scow's third-party claim, was marked for identification, was not received in evidence, but was filed in the case. The motion to remand the record for the inclusion of this affidavit must be denied. Even if it were considered, it could not affect the result of this appeal. If it attempts to show ownership by Alf Scow of the money paid to the sheriff by Paris, Scow, as a contractor employing the laborers, is not within the protection of the statute. The Adair affidavit, even if it had been admitted in evidence by the trial court in support of the labor claims (when as a matter of fact it was rejected by the trial court when offered in support of Scow's third-party claim), and even if it were accepted by this court, would serve to refute the earlier Scow affidavit to the effect that he was a shearer entitled to a preference of $147.90 for wages—wages apparently due to him from himself as shearing contractor. And we must again note the absence of Paris from any of the proceedings.

As a further ground for reversal, appellant contends that the labor claim filed by Scow on behalf of himself and other labor claimants was neither verified as required by statute nor served upon the parties as required. In view of our disposition of the first ground of appeal, it becomes unnecessary to discuss such assignment.

The order appealed from is reversed and the case remanded, with directions for the entry of an order directing the sheriff to pay over to the judgment creditor such part of the $1,817.95 in his hands as the result of the levy of execution, necessary to satisfy the plaintiff's judgment for $1,242.14 and costs. Appellant is allowed his costs in this court.

EATHER and MERRILL, JJ., concur.