## HALL *a.* MERRILL.

*New York Superior Court; General Term, May,* 1859.

COMPOSITION DEED.—EVIDENCE.—QUESTIONS OF LAW AND FACT.

A composition deed signed by several creditors has a sufficient consideration as towards each creditor, in the fact that the others unite in relinquishing to the debtor a part of their claims, or concede to him some modification of their right to enforce them.

In the absence of evidence to the contrary, it does not devolve on the debtor re-

Hall *a.* Merrill.

lying on such a deed as a bar against the claim of a creditor, to prove that other creditors signed subsequently to the claimant.

*It seems,* that it should be presumed that all who signed, did so at the same time, upon one general consideration.

*It seems,* that where the composition deed is conditioned on the giving of notes by the debtor, to bear a certain date, but does not specify when they are to be given, the question whether a neglect to give them is a violation of the contract, depends on the fact of an offer being made within a reasonable time after the date, and is a question for the jury.

Appeal from a judgment.

The case was tried before one of the justices of the court without a jury, and judgment rendered against the defendant for the sum of $690.81.

The complaint stated the sale and delivery of goods by the plaintiff to the defendant, at various times, and in various parcels between the 11th day of April, 1857, and the 26th day of March, 1858, amounting in the aggregate to the sum of $577.82, for which sum, with interest on the amounts respectively as the several periods of credit expired, judgment was prayed. All the sales, except one for $5.25, were made before the 26th day of October, 1857. This one was made on the 26th day of March, 1858.

The answer denied every allegation of the complaint, except as thereafter admitted or avoided.

It was then averred, that on the 15th day of December, 1857, the plaintiff executed and delivered, together with other creditors of this defendant, a certain instrument in writing under his hand and seal, of which the following is a copy:

"Whereas, in consequence of sundry losses and misfortunes, Benjamin B. Merrill has become unable to pay his debts in full, we the undersigned, in consideration of one dollar, to us in hand paid, receipt of which is hereby acknowledged, agree to receive in full payment and settlement of our respective claims against him, his three notes for equal amounts at six, nine, and twelve months, from January the 1st, 1858, at forty cents on the dollar.

"In witness whereof, we have hereunto set our hands and seals, this 15th day of December, 1857.

"ELISHUR HALL. [L. S.]"

The answer then states the execution of three promissory notes, each for $78.18, at six, nine, and twelve months respectively, dated the 1st day of January, 1858, to the order of the plaintiff, and the proffer of such notes to him. The notes were made and executed on the 1st day of February, 1858.

There was an averment that these notes were given for the composition of the demands mentioned in the complaint, and that the action for the same was thereby barred.

A set-off as to the $5.25, the purchase of the 26th day of March, 1858, was then set forth.

In another part of the answer it was then averred, that the instrument recited was signed by the plaintiff and eleven other persons or firms, the creditors of the defendant, relying upon the good faith of both plaintiff and defendant in carrying out the terms of such agreement, as far as they were respectively concerned. He avers his willingness to carry out the agreement.

The answer sought affirmative relief in the following manner: Wherefore this defendant demands judgment against the plaintiff; that the said agreement in writing be specifically performed; that the plaintiff be adjudged to receive the three notes, in satisfaction of his claims, and the money upon such as have fallen due; that he be perpetually restrained from commencing any action upon such claims, or from assigning or disposing of the same, and that the defendant may have such further relief as the nature of the case may require.

The plaintiff, by way of reply to the counter-claim for equitable relief, denied each and every allegation in that part of the answer, except as thereinafter admitted. He admitted the execution of the composition deed, but set up that he was induced to execute it by false and fraudulent representations as to losses, insolvency, &c.; that the defendant had engaged to have *all* his creditors sign the deed, and it was to be of no effect without this being done; that none were to be paid over forty cents on the dollar; *that all have not signed such deed, but on the contrary,* a portion of them have refused to sign it, and some of them have been paid their demands in full; and that some who did sign, have, under promises to that effect, been paid their demands in full.

The only evidence given upon the trial was that of the plaintiff upon his own examination. He proved the representations

of the defendant as to his situation, but entirely failed to show any falsehood or fraud in them. No evidence was found to sustain any other of the allegations as to deceptive or fraudulent conduct, or statements on the part of the defendant. He proved that one or two other creditors had signed the composition deed before he signed it himself.

He also stated that the notes mentioned in the deed, were to be delivered at least as early as the 1st day of January, 1858. They were tendered about the middle of February.

The question was put to the witness by the court, whether there was any, and if any, what consideration for his signing the composition deed?

An objection of the defendant's counsel was overruled, and an exception taken. The witness answered, there was none, except his promise to give the notes.

The plaintiff having rested, and the defendant offering no testimony, the learned judge found as follows:

*First.* That the release set forth in the pleadings was executed without any consideration moving from the defendant to the plaintiff, except the promise to give the notes referred to in the pleadings on the 1st day of January, 1858.

*Second.* That the release was signed by the plaintiff on or about the 15th day of December, 1857.

*Third.* That the said release was signed after two or three other creditors of the defendant had signed the said release.

*Fourth.* That the defendant bought the goods at the times and prices charged in the complaint.

*Fifth.* That the defendant tendered the notes to the plaintiff required by the release, on or about the middle of February, 1858, and not before.

*Sixth.* That when the first note became due, the defendant tendered the plaintiff the amount of money due thereon, which the plaintiff offered to receive and apply on the general account, but not as a fulfilment of his, defendant's, agreement, but which defendant refused to pay for that purpose, or on that understanding.

And the court found as a conclusion of law upon the foregoing facts:

That the release is no bar to the plaintiff's recovery herein, to which conclusion of law and ruling the defendant's counsel then

and there excepted, and the court thereupon ordered a judgment for the plaintiff for the sum of six hundred and six dollars and ninety cents, with the costs.

Judgment being entered in conformity with this decision, the appeal of the defendant was taken therefrom.

*E. W. Dodge*, for the appellant.—I. The court erred in receiving evidence of the want of consideration in the *composition deed.* Because, 1. This was not *an action* upon a sealed instrument; nor, 2. Was there any set-off in the action founded upon the deed. (2 *Revised Stats.*, 407, 2d ed., § 96.) The statute only applies to cases of an action upon a sealed instrument, and where a set-off is founded upon any sealed instrument. Therefore, the seal was conclusive evidence of a consideration.

II. The composition deed expressed a consideration which was sufficient, whether received or not, for the reason that the plaintiff could recover it by action. (1 *Sandf.*, 58; 2 *Ib.*, 512.) 1. The grantor cannot contradict the acknowledgment of a consideration, for the purpose of defeating a conveyance, in a case free from fraud. (2 *Hill*, 554; 2 *Den.*, 336.) 2. A court will not, as between the parties to a deed, permit proofs of non-payment of a nominal consideration for the purpose of destroying the deed. (2 *Barb.'s Ch. R.*, 232.)

III. This instrument was a composition deed, with all the requisites of such a deed (4 *Sandf.*, 83), and was a bar to a recovery; and the plaintiff should have been required to fulfil, on his part, and to receive the notes, in full satisfaction of his claims.

*O. L. Stewart*, for the respondent.—I. The instrument relied on was without actual consideration. (Warren *a.* Skinner, 20 *Conn.*, 559.) And the seal does not conclusively impart a consideration. (3 *Rev. Stats.*, 5th ed., 691; Russell *a.* Rogers, 15 *Wend.*, 353–359; Tallmadge *a.* Wallis, 25 *Ib.* 112–115; Gilleland *a.* Failing, 5 *Den.*, 312.) 1. It is not a release *in presenti.* At most it is an agreement to release, to take effect upon the giving and receiving of the notes therein mentioned; and, as that agreement was without consideration, it cannot be enforced. 2. It is not a composition with *all* the creditors of the defend-

ant; therefore, it stands in the position of an accord simply, *without satisfaction*, and an accord is no defence without satisfaction. (Fellows *a.* Stevens, 24 *Wend.*, 294.) In order to make an accord, with tender of satisfaction merely, a good defence, it must be averred and proven that the accord was in consideration of *all* the creditors coming into the agreement. Here, the instrument does not purport to be between the debtor and *all* his creditors; and it is not so averred or shown; nor was such the fact. (Brooklyn Bank *a.* De Grauw, 23 *Wend.*, 341; Daniels *a.* Hallenbeck, 19 *Ib.*, 407; Russell *a.* Lytle, 6 *Ib.*, 391.) 3. Even if the instrument was a perfectly good and binding agreement against the plaintiff, at the time it was signed, he is completely discharged from any liability to perform and complete it, on account of the failure of the defendant to make and tender the notes at the time agreed upon. (Heathcote *a.* Crookshank, 2 *T. R.*, 24; Fellows *a.* Stevens, 24 *Wend.*, 294 and 302.)

II. Even if the justice below erred in admitting testimony to prove the want of consideration for the instrument in question, still his judgment should be sustained upon the entirely distinct ground set forth in the fifth subdivision of the second point. Whether there was or was not consideration for the instrument, becomes *perfectly immaterial*, when it is proven that the defendant failed to comply with the terms and intent of such instrument.

By the Court.*—Hoffman, J.—The subject of the nature and legal operation of composition deeds, was considered much at length in the case of Renard *a.* Fuller, in January, 1859, before the general term of this court. The action was upon promissory notes given in the course of business, and the defence was a composition instrument as follows:

" We, the undersigned creditors of the firm of Fuller, Hart & McCorkle, in consideration of the sum of one dollar to each of us paid, agree to accept the sum of sixty cents on the dollar in their notes at six, nine, and twelve months, from the 1st day

---

* Present, Hoffman, Woodruff, and Pierrepont, JJ.

of February, 1857, without interest, in full satisfaction of our respective claims against said Fuller, Hart & McCorkle.

" All claims to be put on the same basis, and considered as due on the 1st day of February, 1857, by allowing or deducting interest, and the original notes are to be held as collateral, until the notes given in composition are paid.

"*Dated,* 6th *January,* 1857."

Creditors to a considerable amount had signed before, and creditors to a large amount had signed after the signature of the plaintiffs. The liabilities were about $225,000.00, and the whole amount of the demands of creditors who signed was $87,000.00.

It was held that, there was nothing in the instrument or evidence to show that the signature of the plaintiffs was upon any condition that all should sign : and it was held that the composition instrument was a bar to the action. The basis of the doctrine is, the relinquishment to the debtor, by others who sign, of a part of their claims, or the concession of some modification of the right to enforce them. This constituted the consideration. This existed without any clause of a mutual agreement between each other, as well as with the debtor, which was found in several of the cases. The implication of such a contract between themselves was raised, and was equivalent to its being expressed.

The English and American authorities were examined, and the result as stated by Baron Park in Norman *a.* Thompson was recognized : " An agreement by two or more of the creditors, *unconditional,* to enter into a composition is perfectly good, and binding as to those parties, whether the others do so or not. The agreement by each individual to give up part of his claim is a sufficient consideration."

In the present case it is not proven that more than two or three creditors signed the instrument at all. It is found by the judge that two or three signed before the plaintiff signed. It is not shown that any signed afterwards. It is true that the answer states that the plaintiff and eleven other persons or firms, creditors of the defendant, signed the instrument. And to the fourth clause of the answer which contains this averment, a reply was put in, although the answer was sworn to in July, 1858.

But as before stated, this part of the answer is by way of counter-claim, asking for affirmative relief by compelling the plaintiff to take the notes in full discharge of his demand. The reply, however, denies every allegation in this part of the answer contained, except as thereafter admitted.

I apprehend, then, that even assuming a reply was necessary, yet under section 153 of the Code, the allegation as to the number of creditors who signed was put in issue. The general denial was sufficient. The release itself does not appear to have been given in evidence.

We think, however, that enough appears in the case to bring it within the scope of the rule laid down in Renard *a.* Fuller, before referred to. We do not think it essential to prove that creditors subscribed a composition deed or agreement after the plaintiff in an action signed it, in order to give it validity. If so, it would not be binding upon a last signer, and its efficacy in each case might depend upon parol testimony of the time of execution. A legal presumption might well be allowed, in the absence of distinct proof, that the execution was contemporaneous by all, under one general influence, and one general consideration, although the location of names on the paper might indicate a signing one after another. But in that view, proof of the actual time of execution, even if admissible, is unimportant.

The next question is, whether the fact of the non-delivery of the notes until the middle of February was such a breach of a condition of the composition deed, as to exempt the plaintiff from its obligation.

The plaintiff was permitted to prove this fact, and also that the notes were to be delivered as early as the 1st day of January, 1858, without objection.

The instrument itself only prescribes that the notes were to be at six, nine, and twelve months from the 1st day of January, 1858. No time for the delivery of the notes is expressed in it. The implication may be reasonable that the 1st day of January was to be the period of delivering the notes, and their reception then may have been of moment for the business purposes of the plaintiff. Yet it is clearly not made a condition in the instrument, and whether it was a violation of the contract between the parties, seems to depend upon the fact of the proffer being

made within a reasonable or unreasonable time, and that question, with all circumstances bearing upon it, may be proper for a jury.

In a case decided at the general term of this court in 1857, the rule that a debtor must strictly observe any conditions affixed by a creditor to his consent to a composition was recognized and applied, where the condition was expressed, that a certain amount of claims should be signed off, on the same terms, by a specified period. It was not done, and the creditor was held not bound, although a short time elapsed after the day, before it was accomplished, and. no special injury was shown.

The cases referred to by Justice Cowen, in Fellows *a.* Stevens (24 *Wend.*, 302), were of this character. The instrument of composition contained stipulations or clauses amounting to conditions precedent. See Oughton *a.* Protter (2 *Nor. & Mann R.*, 71), where LITTLEDALE, J., takes the distinction above noticed, " that in common cases of agreements to take composition, the debtor has a reasonable time to give the notes ; but in that case it was stipulated they should be given in fourteen days."

We think there was error in the conclusion of law of the learned judge, in giving judgment for the amount of the original debt.

There must be a new trial, with costs to abide the event.