[S. F. No. 1363.   Department Two.—March 24, 1900.]

JOHN F. SCHROEDER, Appellant, v. EMILE M. PISSIS et al., Respondents.

ORDER DENYING NEW TRIAL—REVIEW UPON APPEAL—FINDINGS—PLEADINGS—ERRORS OF LAW — EVIDENCE. — Upon appeal from an order denying a new trial, the questions whether the findings are sufficient to support the judgment, or correspond to the issues presented by the pleadings, and as to what issues the pleadings represent, cannot be considered; and the only questions to be reviewed are those relating to alleged errors of law, and whether the findings are justified by the evidence.

ID.—FINDINGS CONFLICTING WITH ANSWER — FORECLOSURE OF LIEN — DEFENSE—COMPOSITION AGREEMENT—ALTERATION NOT PLEADED.—In an action by a subcontractor to foreclose a mechanic's lien, where the answer pleads a composition agreement alleged to have been signed by plaintiff and all the creditors of the contractors, agreeing to release the contractors and the property of the owner upon conditions specified, findings in conflict with the answer that the agreement was not signed by all of the creditors, and that it did not, when signed, contain the words set forth in the answer, "conditional upon all creditors signing this agreement," but that those words were inserted by some other person after the agreement was signed, can be reviewed as not

CXXVIII. CAL.—14

being within the issues only upon appeal from the judgment, and must be taken as correct and proper findings upon appeal from an order denying a new trial, if there is any evidence to sustain them.

ID.—FAILURE TO OBJECT TO EVIDENCE—AMENDABLE ANSWERS—OBJECTION TO FINDINGS UPON APPEAL.—Where evidence was offered which supports findings made in conflict with the answer, and no objection was made thereto, and the answer might have been amended to meet the objection, if made, it cannot be urged upon appeal that a finding based upon such evidence is inconsistent with the pleadings.

ID.—CONFLICTING EVIDENCE—TERMS OF COMPOSITION AGREEMENT—TIME OF PAYMENT.—Where the evidence is conflicting as to what were the terms of the composition agreement, and what time of payment was agreed upon, the findings thereupon will not be disturbed.

ID.—TENDER OF MONEY AND NOTE AT DIFFERENT TIMES—FAILURE TO OBJECT.—Where the composition agreement provided for the payment of a certain sum and the execution of a note, the fact that money was tendered on one day and the note on another is immaterial if no objection was made at the time of the tender to its sufficiency.

ID.—EXTINCTION OF LIEN BY COMPOSITION AGREEMENT—CONSIDERATION—MUTUAL PROMISES.—A composition agreement shown as a defense to the foreclosure of a mechanic's lien, signed by the plaintiff and other creditors of the contractors, agreeing to release the contractors and the owner upon the terms specified, operates to extinguish the liability which the lien was filed to secure; and the consideration therefor consists of the mutual promises of the signing creditors to take something less than or different from what they were entitled to under their previous contracts.

ID.—SIGNATURES OF CREDITORS.—In the absence of a condition in the contract to that effect, all of the creditors need not sign a composition agreement to make it valid; but it is sufficient if two or more creditors sign such an agreement, the signature and promise of each being a sufficient consideration for the agreement of the others.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion.

A. Morgenthal, for Appellant.

William H. Jordan, for Respondents.

GRAY, C.—Appeal from an order denying plaintiff a new trial. The action was brought by a subcontractor for the foreclosure of a mechanic's lien. Defendant Pissis was the owner of the building, and the defendants Gardner and Boyden were the contractors. In addition to the denials of the answer it is alleged therein as an affirmative defense "that subsequent to the completion of the building referred to in plaintiff's complaint defendants Gardner and Boyden entered into a written agreement with plaintiff and with all the other persons who had performed labor upon the building referred to in plaintiff's complaint, and likewise all persons who had furnished materials for the construction thereof, which said written agreement was in the following language:

"San Francisco, Cal., January 22, 1896.

"We, the undersigned, creditors of Messrs. Gardner and Boyden, who furnished the materials for the construction of that certain building constructed by the said Gardner and Boyden for one Emile M. Pissis, upon the corner of Pleasant and Taylor streets, in said city, hereby agree to accept, each for himself, the sum of sixty-nine per cent of the amount of our bills, as set opposite to our signatures, and the personal note of Mr. A. Boyden for the remaining thirty-one per cent, and, upon the payment to us of sixty-nine per cent in cash and the delivery of the said notes, we, and each of us, do hereby agree to release and discharge said firm of Gardner and Boyden and the property of said Emile M. Pissis of and from all liability whatsoever. Conditional upon all creditors signing this agreement."

The answer then alleges that the said contract was duly signed by the plaintiff and by all the creditors therein mentioned. The findings and evidence show that this agreement was not signed by all the creditors mentioned.

And furthermore it is shown by the findings that the agreement which the plaintiff and several of the other creditors signed with defendants Gardner and Boyden differed from the agreement set out in the answer in that it did not contain the concluding clause, "conditional upon all creditors signing this agreement"; and it is also found: "That subsequent to the execution of said agreement, and subsequent to the signing and delivery thereof by plaintiff and defendants Gardner and Boyden

and sundry other persons, and without the knowledge or consent of plaintiff, there was interlined in said agreement at the conclusion thereof by some other party acting wholly upon his own behalf, and not upon the behalf of plaintiff, the following words: 'Conditional upon all creditors signing this agreement.' "
While this finding is in evident conflict with the allegations of the answer, an objection based upon this condition of the record can only be considered on appeal from the judgment. "Whether the findings are sufficient to support the judgment or correspond to the issues presented by the pleadings, as well as what issues the pleadings present, are questions which can be considered only upon an appeal from the judgment, and do not arise upon an appeal from an order denying a new trial." (*Riverside Water Co. v. Gage*, 108 Cal. 240.) Moreover, the conflicting finding is based upon evidence which was received at the trial without objection thereto. If, when defendants offered their testimony to show that the concluding clause of the contract was inserted after plaintiff signed it, appellant had objected on the ground that such testimony was in contradiction of the answer, defendants, probably, would have amended their answer to make it correspond to the evidence. Having by his silence treated the evidence as admissible under the pleadings, appellant should not now be heard to urge that a finding, based upon such evidence, is inconsistent with the pleadings.

On this appeal the only questions discussed by counsel that we are at liberty to consider are those relating to alleged errors of law, and also as to whether the findings are justified by the evidence. (*Riverside Water Co. v. Gage, supra; Brison v. Brison*, 90 Cal. 323.)

Appellant contends that the evidence shows that the contract was to be signed by all the creditors. It is a sufficient answer to this to say that the evidence is in conflict upon this question. The testimony of Boyden as to the interlineation of the concluding clause of the contract tends strongly to sustain the finding in respect to that matter; and, while the plaintiff testifies on his examination in rebuttal that Boyden told him that the agreement would be void unless all the creditors signed it, Boyden testifies as to that matter: "I did not have any conversation with Mr. Schroeder upon that

subject at all." In this conflicting condition of the evidence as to any oral qualification or addition to the written contract we would not be warranted in disturbing the finding as to what the terms of the contract were. (*Magee v. Kast,* 49 Cal. 141.) And this, also, makes it unnecessary to determine whether the written contract could be thus added to or varied by evidence of parol agreement.

There is also a conflict in the evidence as to the time within which the sixty-nine per cent and the note of Boyden for the balance was to be paid and delivered to plaintiff, under the oral arrangement made by the parties. While plaintiff testified that he was to be paid in a few days or a week after he signed the agreement, Boyden swore that he did not promise to pay him within a week. It seems from some of the evidence that the tender of the sixty-nine per cent, as well as of the note, was made in about a month after the plaintiff signed the agreement. The witness Boyden, however, testifies that the note was tendered and refused "from a week to ten days, or possibly two weeks" after plaintiff signed the agreement. The finding is that such tender was made within a period of about one week after such signing. We are not warranted in saying from the evidence before us that the time of the payment was so definitely fixed between the parties that the finding is in conflict with the evidence in any material respect. (*Hall v. Merrill,* 9 Abb. Pr. 123.) Nor is there anything material in the fact that the money was tendered on one day and the note on another. It does not appear that at the time of the tender plaintiff made any objection that it was, for any reason, insufficient. (Code Civ. Proc., sec. 2076.)

The agreement relied on as a defense is in the nature of a composition agreement and operated to extinguish the liability which the lien was filed to secure. The consideration for such an agreement is the mutual promise of the several creditors to take from their debtors something less or different than they were entitled to under their previous contracts with them. In the absence of a condition in the contract itself to that effect it is not necessary that all the creditors of a debtor should sign a composition agreement in order to make it valid and binding. It is sufficient if two or more creditors sign, the sig-

nature and agreement of each being a sufficient consideration for the agreement of all the others. (*Wilson v. Samuels,* 100 Cal. 514; *Lambert v. Shetler,* 71 Iowa, 463; *Eaton v. Lincoln,* 13 Mass. 424; *Continental Nat. Bank v. McGeoch,* 92 Wis. 311.)

The court having found for the defendants as to their affirmative defense, it became immaterial to inquire whether the materials and labor had been furnished and notice thereof given and a lien filed as alleged in the complaint or not; and a finding as to those matters was unnecessary.

The objections urged to the rulings of the court on the admission of evidence have not sufficient merit to require a discussion here.

We advise that the order be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.　　　　Temple, J., Henshaw, J., McFarland, J.

Hearing in Bank denied.