## DE CARRION v. DE AGUAYO et al.

### L. A. No. 903; June 29, 1901.

#### 65 Pac. 618.

**Mortgage—Deed Absolute.—Plaintiff's Grantor Borrowed Money** at a bank, stating that defendants had applied to him for a loan to pay off two mortgages and that they would deed him the property. The mortgages were taken up, and assignments of them made to plaintiff's grantor, defendants deeding him the premises. Subsequently plaintiff's grantor presented defendants with a paper which showed the amount of the interest due on the alleged loan, and defendants paid him a fee for the services of the person who computed the interest. After execution of the deed, defendants continued in possession of the premises, paying no rent or leasing the premises, and continuing to make improvements. Held, that the deed was a mortgage.[1]

APPEAL from Superior Court, Los Angeles County; Waldo M. York, Judge.

Action by Dolores N. De Carrion against Ygnacio De Aguayo and another. From a judgment in favor of defendants and from an order denying a motion for a new trial plaintiff appeals. Affirmed.

S. O. Houghton for appellant; John E. Daly for respondents.

COOPER, C.—Judgment was entered in the court below for defendants. Plaintiff made a motion for a new trial, which was denied. This appeal is from the judgment and order denying the motion.

The complaint is for the recovery of the possession of the lands described therein, and contains the usual allegations in ejectment. The answer, in addition to a denial of the allegations of the complaint, alleges affirmatively that defendants are, and were at all the times therein named, the

---

[1] Cited in Holmes v. Warren, 145 Cal. 462, 78 Pac. 956, where the court called attention to the defendants in the cited case having shown that they had not leased the premises or paid rent, although remaining on them as occupants; and the court said, in that connection, that in these cases the burden is on him who claims the deed to be in fact a mortgage to produce facts to support his claim.

owners and seised in fee of said lands; that on the fifteenth day of June, 1892, they executed and delivered to one Saturnino Carrion, since deceased, and who was the husband and grantor of plaintiff, what purported to be a grant, bargain and sale deed of the premises, which deed was recorded; that said deed, although absolute in form, was intended to be, and was in fact, a mortgage to secure the payment of $1,000 to plaintiff's grantor, with legal interest thereon. It was admitted that, unless the said deed was in fact made as a mortgage, the plaintiff would be entitled to judgment. This was the only issue in the case. The court found: "That the said instrument though in the form of a deed absolute, was executed and delivered to said Saturnino Carrion as, and was intended to be, a mortgage to secure the payment of one thousand dollars, with interest at the rate of seven per cent per annum from the seventeenth day of May, 1892." It is claimed that the evidence is insufficient to sustain the above finding, and this is the sole question to be here determined. We have carefully examined the evidence, and, in our opinion, it amply supports the finding. Without giving the evidence in detail, it is sufficient to state that there is evidence of the following facts and circumstances: On the 17th of May, 1892, there were two mortgages existing against the property of defendants described in the complaint; one in favor of one Hilsey for $700, and one in favor of one Frankel for about $180. That on said day the plaintiff's grantor applied to one Jess for a loan of $1,000, stating that defendants owned some property on which there were mortgages, and that; as the mortgagees desired their money, defendants wanted to pay off the two mortgages, and deed him the property. Jess accordingly loaned the plaintiff's grantor $1,000 upon his own promissory note. Defendants appeared at the bank of which Jess was cashier, and the two mortgages were taken up, and assignments of them made to plaintiff's grantor. The balance of the $1,000, after paying the two mortgages, was left in the bank, and afterward paid out either to Frankel or to plaintiff's grantor. Defendants did not receive any of it. The mortgages so assigned to plaintiff's grantor have never been satisfied of record, nor have the notes been delivered up or canceled. The money was borrowed from plaintiff's grantor. That the deed was in-

tended as a mortgage. That, after the deed was made, the grantor of plaintiff had one Seaver compute the interest on the $1,000 from the 17th of May, 1892, to the seventeenth day of November, 1896, showing the amount then due to be $1,551.13, which computation was made upon a piece of paper and handed to one of the defendants. Defendants paid to plaintiff's grantor one dollar, which he told them he had paid Seaver to figure up the interest for him. After the deed was made, defendants continued in possession of the premises as before. They never paid any rent nor leased the premises. They continued to make small improvements as before. Nothing appears as to any agreement of sale having been made or any price being named for the deed. Plaintiff's grantor died February 16, 1897. It does not appear that plaintiff took any greater title than that of her grantor at the time of the conveyance. It is not claimed that she is an innocent purchaser without notice. These facts and circumstances, if true, are sufficient to support the finding.

There was testimony on the part of the plaintiff tending to contradict some of the matters above set forth; but, in case of a substantial conflict in the evidence, the finding of the court below is conclusive here. Not only this, but we think the finding is supported by the great preponderance of the evidence. If Saturnino Carrion took the deed from defendants in June, 1892, as an absolute conveyance of the property, it is strange that nothing was said in the negotiations as to the price thereof. It is a circumstance of much significance that the defendants remained in possession of the property as their own continuously after the deed was made until the death of Carrion. If Carrion had in fact purchased the property, it would seem that in the ordinary course of business he would have entered into possession of it, or, if he allowed defendants to remain in possession, it would have been under a lease of some kind. If he purchased the property, why did he take an assignment of the two mortgages which he paid out of the $1,000? The fact —which is conceded—that in November, 1896, the grantor of plaintiff had the interest computed on the $1,000, and gave the computation to defendants, asking them for the dollar paid to Seaver for making the computation, is wholly inconsistent with the idea that the property was his. It is

entirely consistent with the claim of defendants that the deed was made as security only. The judgment and order should be affirmed.

We concur: Haynes, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.

On Motion for Hearing in Bank.

July 29, 1901.

PER CURIAM.—Rehearing denied.

McFARLAND, J.—I concur in the denial of a hearing in bank, but I think that the expression in the opinion that "in case of a substantial conflict in the evidence the finding of the court below is conclusive here" should be stricken out. That rule does not apply to a case where an absolute deed is sought to be declared to be something else.

I concur: Beatty, C. J.