[L. A. No. 1166. Department One.—October 7, 1903.]

## L. UPHAM BRYANT et al., Respondents, v. W. B. BROADWELL, Appellant.

BREACH OF CONTRACT—DAMAGES—PLEADING—SUFFICIENCY OF COMPLAINT—GENERAL DEMURRER.—A complaint for breach of a contract to construct specified improvements for a fixed sum, upon a lot conveyed to the plaintiff by the defendant, which alleges an abandonment and refusal of the defendant to complete the work, after payments had been made thereon and the work was partly done, and that it was necessary for plaintiff to complete it to save the improvements from destruction by the elements, and that plaintiff necessarily expended certain sums in completing the work, which exceeded the unpaid contract price by a specified sum, for which

judgment is asked, states a cause of action for damages for breach of the contract sufficiently as against a general demurrer.

ID.—ABSENCE OF SPECIAL DEMURRER—UNCERTAIN AVERMENTS—AMOUNT OF DAMAGE—OWNERSHIP—NECESSITY FOR EXPENDITURE.—In the absence of special demurrer the plaintiff need not allege damages in a specified sum, if he alleges facts from which it must be inferred; and the averment that in order to' complete the work for the purposes mentioned plaintiff was compelled to, and did actually, pay a certain amount, with the deduction therefrom of the sum still due on the contract price, sufficiently alleged the amount of the damage. In the absence of such demurrer, plaintiff's ownership was sufficiently alleged by the averment of the conveyance from defendant to plaintiff, and the necessity for the expenditure by plaintiff was sufficiently averred by the allegation that it was made "to preserve said building from destruction by the elements, and to place it in the condition that said defendant promised and agreed to place it in."

ID.— ASSUMPSIT — MONEY PAID—EVIDENCE—REQUEST—PROMISE.—The complaint does not state a cause of action in *assumpsit* for money paid to the use of the defendant, but solely for damages for breach of the contract alleged; and it is no objection to the sufficiency of the evidence to support the verdict for the plaintiff, that there was no evidence of a request of the defendant to plaintiff to make the expenditure, or of any promise by him of repayment.

ID.—DEED—MORTGAGE—BURDEN OF PROOF—CONFLICTING EVIDENCE—SUPPORT OF VERDICT.—Where the defendant claims that a deed absolute in form, executed by him to the plaintiff, was intended as a mortgage, the burden is upon the defendant to prove it; and where the evidence is conflicting, and there is sufficient evidence to support a finding that the deed was not a mortgage, a verdict for the plaintiff will not be disturbed for insufficiency of the evidence.

ID.—EVIDENCE—SERVICES IN SUPERVISING WORK—RELEVANCY AND COMPETENCY.—Where the issues made by the pleadings involved reasonable compensation for the supervision of the work completed by the plaintiff, an objection to the relevancy and competency of proof of the services rendered in such supervision, because not included in the contract, was properly overruled.

ID.—INSTRUCTIONS—ABSENCE OF EXCEPTION—REVIEW UPON APPEAL.—Where the record upon appeal does not disclose that any exception was reserved to the rulings of the court in the matter of instructions, alleged error therein cannot be reviewed.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

W. H. Shinn, and Clement L. Shinn, for Appellant.

The expenditure by plaintiff was voluntary, and could not create any indebtedness in the defendant to repay the same against his will, when he did not request it. (*Mann* v. *Farnum*, 17 Colo. 427; *Helm* v. *Smith Fee Co.*, 76 Minn. 328; *Mayor etc.* v. *Lefferman*, 4 Gill, 425;[1] *Curtis* v. *Parks*, 55 Cal. 106; *McGee* v. *San Jose*, 68 Cal. 91.) The complaint does not state a cause of action for damage for breach of contract. (*Moulton* v. *Loux*, 52 Cal. 81.) No compensation could be recovered for the husband's services in supervising the work, where it had not been paid for by the wife, who is the real party in interest, as plaintiff, the husband being a mere nominal plaintiff in whose favor no cause of action is stated. (*Schofield* v. *State National Bank*, 97 Fed. 282; 38 C. C. A. 183; 2 Am. & Eng. Ency. of Plead. & Prac., 1014.) The evidence is insufficient to support the verdict.

James Burdett, for Respondents.

The complaint and evidence sustain the verdict, and the appeal is frivolous.

ANGELLOTTI, J.—This is an appeal by defendant from a judgment for one hundred dollars and an order denying his motion for a new trial.

The amended complaint alleged substantially as follows, viz.: Plaintiff L. U. Bryant and defendant entered into a contract, whereby defendant agreed to convey to her by "good and sufficient deed of grant the title" to a lot of land, and to complete the construction of a building and other improvements which he was then engaged in constructing on said lot, for the total sum of one thousand dollars, five hundred dollars thereof to be paid upon delivery of the deed, and five hundred dollars upon the completion of the building and other improvements. Defendant delivered the deed, and said plaintiff thereupon paid him six hundred dollars, and defendant quit and abandoned the work, and failed and refused to finish the same. At the time he quit work, certain specified work remained to be done. By reason of the failure and refusal of defendant to complete said work, said

_____
[1] 45 Am. Dec. 145, and note.

plaintiff, "in order to preserve said building from destruction by the elements and to place it in the condition that said defendant promised and agreed to place it in, was compelled to and did furnish said material and labor necessary to finish the work that the defendant had abandoned . . .' and was compelled to and did actually pay therefor in all the sum of $974.90." Plaintiff was also compelled to procure all the material and labor and cause to be supervised all of said work, and a reasonable compensation for the labor and service in so doing is one hundred dollars. Giving credit for the four hundred dollars unpaid on the contract price, plaintiffs asked judgment for $674.90. A general demurrer interposed by defendant, for want of facts sufficient to constitute a cause of action, was overruled, and defendant then answered. By his answer defendant denied that there was any agreement to convey the land except by a deed intended as a mortgage to secure a loan of one thousand dollars to be made him by said plaintiff, admitted that he agreed to complete the adobe building thereon, but denied that he was to construct any other improvements, alleged that he executed the deed as a mortgage and received the six hundred dollars on account of said loan, and alleged that he continued work on said building until the plaintiffs took possession thereof. He further alleged that two hundred dollars would have completed said building and improvements according to his contract, denied that plaintiff expended any sum exceeding five hundred dollars in the completion of said building, and denied the allegation as to supervision of services by plaintiff. He further alleged that on or about November 20, 1899, plaintiffs sold the land for fourteen hundred dollars, which they retain. By a cross-complaint he alleged that the deed was executed as a mortgage, and that plaintiffs thereafter sold the land, and he sought judgment against the plaintiffs for the difference between the amount for which the land was sold and the amount of his indebtedness.

The case was tried by jury and verdict was rendered in favor of plaintiffs for one hundred dollars.

1. The general demurrer to the amended complaint was properly overruled. It cannot be said that it entirely failed to state a cause of action. The action was not one to recover money paid to the use of another, as is contended by appel-

lant. To sustain such an action it is, of course, true, as contended by him, that there must be a promise of the defendant to repay, either express or implied from the circumstances. No such promise could be implied under the allegations of the complaint and no promise is alleged. But the complaint did state facts sufficient to constitute a cause of action for damages for breach of contract. The contract and the breach thereof were clearly alleged, and the only question that could arise was as to the allegation of damage. It is not necessary that the pleader allege generally that he has been damaged in a certain sum, if he allege the facts from which the damage must be inferred. Such facts were sufficiently stated to protect the complaint against the general demurrer. While not as clear as might have been, the averments of the complaint were enough to show ownership of the property in Mrs. Bryant, and to show that she would be damaged by the failure of defendant to complete his contract by completing the building and other improvements thereon, especially if any portion of the work to be done was necessary to preserve the partially constructed building from destruction by the elements, which is alleged.

It is urged that the complaint alleging that the work was done "in order to preserve said building from destruction by the elements *and* to place it in the condition" agreed upon, it cannot be ascertained what portion of the work was done to save the building from destruction, but this objection was waived by a failure to demur for uncertainty. The allegation that in order to complete the work for the purposes above mentioned she "was compelled to and did actually pay" the sum of $974.90, with the deduction of the four hundred dollars still due defendant on the purchase price, was, in the absence of a special demurrer, a sufficient allegation as to the amount of damage.

2. It is urged that the evidence is insufficient to sustain the verdict for two reasons. The first reason assigned is, that there is no evidence whatever to sustain a recovery in *assumpsit*, as there was no request to pay the money and no promise of repayment proven. What has been already said as to the nature of this action disposes of this objection. The action is one for damages for breach of contract. The second reason assigned is, that the evidence was insufficient

to justify the jury in finding that the deed was not a mortgage. Defendant's claim that the deed was in fact executed as a mortgage finds considerable support in the evidence, but there was evidence contrary thereto, sufficient to sustain a finding. It must be borne in mind in this connection that if a deed purports on its face to grant real property, the burden is on the party claiming it to be only a mortgage to establish that fact.

3. In view of the issues made by the pleadings, the court did not err in overruling the objection of incompetency, irrelevancy, and immateriality, and that the same was not included in the contract made, to the question asked the plaintiff, W. S. Bryant, as to the nature of the services rendered by him in obtaining the materials and labor, and in supervising the work.

4. Complaint is made of the action of the trial court in modifying an instruction requested by defendant, but the record does not show that any exception was reserved by defendant to the rulings of the court in the matter of instructions, and we are therefore unable to review the same.

The judgment and order are affirmed.

Van Dyke, J., and Shaw, J., concurred.