[S. F. No. 3096.    Department One.—November 26, 1904.]

## HENRY T. HOLMES, Respondent, v. JOSEPH M. WARREN, Appellant.

APPEAL—ORDER DENYING NEW TRIAL—REVIEW—DEMURRER TO COMPLAINT —SUPPORT OF JUDGMENT—FINDINGS.—Upon appeal from an order denying a new trial, the question whether the court improperly overruled a demurrer to the complaint, or whether the complaint is sufficient to support the judgment, cannot be considered. Such appeal does not involve any consideration of the correctness of the judgment or of the sufficiency of the pleadings or findings to support it.

ID.—MOTION FOR NEW TRIAL—DISTINCT PROCEEDING.—A motion for a new trial is an issue of a distinct proceeding, and is to be heard upon an independent record, distinct from the record upon which the judgment depends.

ID.—MOTION FOR NONSUIT—SUFFICIENCY OF EVIDENCE—SUFFICIENCY OF COMPLAINT NOT INVOLVED.—Upon motion for a nonsuit, the only question to be considered is as to the sufficiency of the evidence to sustain the complaint; and where the court was warranted by the evidence in refusing the motion, the question whether there was no sufficient complaint to which any evidence offered by the plaintiff could be applied is not involved.

ID.—CHARACTER OF LAND SUED FOR—NEGATIVE ALLEGATION—DENIAL— BURDEN OF PROOF.—Where the action was for the recovery of a lot of land situated on Lake Merritt, in the city of Oakland, comprising one acre and one twelfth, with dwelling-house and other

improvements thereon, a negative allegation that it was not agri-
cultural land, denied by the answer, need not be proved by the
plaintiff; but the burden is upon the defendant to show that it was
agricultural land within the meaning of the code.

ID.—OMISSION IN FINDINGS—DECISION NOT AGAINST LAW.—An omission
in findings upon an issue upon which the defendant had the burden
of proof, and upon which no evidence was introduced, does not render
the decision for the plaintiff against law.

ID.—DEED ABSOLUTE—MORTGAGE—EVIDENCE OF PURCHASE—RECEIPTS—
CONTRACT OF SALE.—Where there was a controversy as to whether
a deed absolute in form, under which plaintiff claims title, was in-
tended as a mortgage or as an absolute grant for purchase money,
evidence is admissible for the plaintiff to show receipts for pur-
chase money and a contract for the sale and purchase of the land,
in proof of his title under the deed.

ID.—DEBT ESSENTIAL TO MORTGAGE BY DEED—BURDEN OF PROOF—SUP-
PORT OF FINDING.—A subsisting debt after the conveyance is essen-
tial to constitute it a mortgage, and the burden is on the one
claiming it to be a mortgage to prove it by clear evidence. Where
such burden is not sustained, but the evidence shows that there was
no subsisting debt, a finding that the deed was intended as an
absolute conveyance for the consideration expressed, and that it was
not executed and delivered as security for any obligation, is suf-
ficiently supported.

APPEAL from an order of the Superior Court of Alameda
County denying a new trial. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, and Howard J. Peirsol, for Appellant.

Lincoln Sonntag, and R. E. Hewitt, for Respondent.

VAN DYKE, J.—This is an appeal by the defendant from
an order denying his motion for a new trial, and comes up
on a bill of exceptions used on the hearing of said motion.
The action is for the recovery of a lot or tract of land on the
east shore of Lake Merritt, in the city of Oakland. It is al-
leged in the complaint that the defendant entered into pos-
session of the premises in question under a lease, for the term
of two years, and thereafter remained in possession without
the consent of the plaintiff after the expiration of the two
years' term, and refused to surrender possession of said
premises after demand therefor duly made. It is averred in

the answer that a deed executed by the defendant and wife of the premises in controversy, bearing date August 19, 1895, was not intended as an absolute conveyance, but was a mortgage, and that defendant did not enter into possession under the lease, but had been in possession as owner for years, and continued in possession after the execution of the deed and up to the time of the commencement of the action as the real owner. The court found that on the nineteenth day of August, 1895, the defendant, Joseph M. Warren, and his wife made, executed, acknowledged, and delivered to the plaintiff a deed of grant, bargain, and sale of the land and premises in question, for the consideration of three thousand dollars, with the intent that the said instrument should be an absolute conveyance; that the same was not executed and delivered as security for the payment to the plaintiff of the sum of three thousand dollars, or the performance of any other act or obligation, and that the same was not in fact a mortgage, and did convey the title and ownership of said real property to the plaintiff, and released the claim of ownership of the parties who executed said deed as aforesaid; that on the twentieth day of August, 1895, the plaintiff executed and delivered to the defendant a lease in writing, whereby he leased to the defendant, and the defendant hired and leased from the plaintiff, the real property in question for the term of two years from the nineteenth day of August, 1895; that the defendant possessed and occupied the said premises under the said lease to the nineteenth day of August, 1897, and the term expired on that date; that upon the expiration of the term of said lease the defendant remained in possession and occupation of said real property without the consent of the plaintiff, and withheld the possession of said premises from the plaintiff and excluded him therefrom; that on the twenty-fifth day of May, 1899, the plaintiff demanded the possession of said premises from the defendant, and he then and there refused to surrender them to the plaintiff.

The first point made by the appellant is, that the demurrer to the second amended complaint was improperly overruled. The appeal being only from the order denying the motion for a new trial, and not from the judgment, this question cannot be considered. And whether the complaint is sufficient to support the judgment, or whether the court erred in over-

ruling the demurrer to the complaint, can be considered only upon an appeal from the judgment. Neither of these matters is involved in the re-examination of an issue of fact after the trial and decision. An appeal from an order denying a new trial does not involve any consideration of the correctness of the judgment. The motion for a new trial is an issue of a distinct proceeding, and is to be heard upon an independent record, distinct from the record upon which the judgment depends. (*Bode* v. *Lee,* 102 Cal. 583; *Taylor* v. *Hill,* 115 Cal. 143; *Hall* v. *Susskind,* 120 Cal. 560; *Schroeder* v. *Pissis,* 128 Cal. 209; *Byxbee* v. *Dewey,* 128 Cal. 322.)

The appellant also makes the point that a nonsuit should have been granted, and his counsel urges as a reason therefor insufficiency of the complaint to state a cause of action, saying, "There was not a sufficient complaint to which any evidence offered by the plaintiff could be applied." And further, "Even if the complaint was sufficient, the evidence adduced failed to support it."

As to the first branch under this point, that the complaint was insufficient, what has been said with reference to the demurrer will apply also to this.

On the other branch of the point, that the evidence is insufficient, an inspection of the record satisfies us that the court was warranted in refusing the motion for a nonsuit.

Appellant also makes the point that the findings are insufficient to sustain the judgment; but, for the reasons already given in reference to the demurrer to the complaint, and upon the authorities cited under that head, the appellant is precluded from raising this question, there being no appeal from the judgment.

The complaint alleges that the premises in question are not agricultural land. The answer denies this. There was no evidence offered on this subject, and the findings are silent with reference thereto. It does "not devolve upon the plaintiff to prove his negative allegations." (Code Civ. Proc., sec. 1869; *Petaluma Paving Co.* v. *Singley,* 136 Cal. 616.) The tract of land or lot was only an acre and one-twelfth, and situate, as already stated, in the city of Oakland. It had a dwelling-house and other improvements. Therefore, it could not well be presumed to be a country farm or agricultural land, and the burden of showing that it was agricultural land,

within the meaning of the code, was upon the defendant, and no evidence was introduced upon that subject. Hence the decision is not against law.

On this appeal the only questions discussed by counsel that we are at liberty to consider are those relating to alleged errors of law, and also as to whether the findings are supported by the evidence. (*Schroeder* v. *Pissis,* 128 Cal. 209; *Brison* v. *Brison,* 90 Cal. 323; *Riverside Water Co.* v. *Gage,* 108 Cal. 240.)

The alleged errors in law occurring at the trial, as urged by appellant's counsel, consist in the admission in evidence of certain documents, to which objection was made and exception taken. These are as follows: As a part of the evidence in behalf of the plaintiff in reference to the transaction resulting in the conveyance to the plaintiff of the property in question, a receipt from the Union Savings Bank of Oakland to the plaintiff for $2,118.25 was offered in evidence and objected to on the ground that it was immaterial, irrelevant, and incompetent, which objection was overruled by the court, and the receipt was read in evidence. The plaintiff continued testifying: "That represents $2,118.25. It has been in my possession ever since the 19th of August, 1895. I paid Mrs. Muller $318 on the note secured by the second mortgage on the property described in the complaint." Receipt shown and offered in evidence, which was objected to on the same grounds as the preceding; objection overruled and exception taken and read in evidence. This receipt reads as follows:

"August 20, 1895. Received of H. T. Holmes two hundred and ninety-one 25/100 dollars, being final payment in purchase of land city of Oakland, Alameda Co., as per deed dated August 19, 1895 (Jos. M. Warren and wife to H. T. Holmes).
"291.55.                    JOSEPH M. WARREN."

It is also contended that the court erred in admitting in evidence the agreement between the plaintiff and defendant for the sale and purchase of the land. By this agreement the plaintiff agreed to sell to the defendant, clear of encumbrances, the land in question, on or before the twentieth day of August, 1897, for the sum of three thousand dollars, with eight per cent on that amount to the date of sale. Appended to this agreement is the following: "And the said Joseph M.

Warren and Lizzie F. Warren hereby agree that should we not have paid the amount heretofore stated to H. T. Holmes in purchase of said land on or before the 20th day of August, 1897, then and in that case this agreement shall lapse and become of no effect, and we shall have no claim whatever thereunder against said H. T. Holmes or against the said land.'' Signed and acknowledged by Joseph M. Warren and Lizzie F. Warren.

These several instruments objected to by defendant were introduced as a part of the evidence in support of the contention of the plaintiff that the instrument of August 19, 1895, executed by defendant and his wife to the plaintiff, was a conveyance in fee instead of a mortgage, and, as such, were properly admitted for that purpose.

Appellant contends that the evidence is insufficient to justify the decision.

The facts and circumstances disclosed by the record, if true, are sufficient to support the findings; and even if there were a substantial conflict in the evidence, which we do not think is the case here, the findings and decision of the court below would be conclusive.

The case seemingly most relied upon by the appellant, as it appears to be cited in his brief several times, is that of *Carrion* v. *Aguayo,* decided by this court in June, 1901, (65 Pac. 618,) but not carried into the California Reports. In that case the court found the deed, although purporting to be a conveyance in fee, to be a mortgage. It is said in the decision: "After the deed was made, defendants continued in possession of the premises as before. They never paid any rent or leased the premises. They continued to make small improvements as before. Nothing appears as to any agreement of sale having been made or any price being named for the deed. . . . There was testimony on the part of the plaintiff tending to contradict some of the matters above set forth. But, in case of a substantial conflict in the evidence, the finding of the court below is conclusive here. Not only this, but we think the finding is supported by the great preponderance of the evidence. If Saturnino Carrion took the deed from defendants in June, 1892, as an absolute conveyance of the property, it is strange that nothing was said in the negotiations as to the price thereof. . . . If Carrion had in fact

purchased the property, it would seem that in the ordinary course of business he would have entered into possession of it, or if he allowed defendant to remain in possession it would have been under a lease of some kind.'' Here, as already shown, the plaintiff paid three thousand dollars for the property, and thereafter gave the defendant a lease of the premises for a definite period, and also entered into an agreement to convey the land at a stipulated price within a certain period, making the case altogether different from the one relied upon by appellant.

In this case there is no pretense that Holmes, after the transaction in question, could have maintained an action against Warren to recover the three thousand dollars mentioned as the consideration of the deed in question; and the test in all this class of cases is, Was there a subsisting debt after the conveyance?—for, to be a mortgage, there must necessarily be a debt for which the conveyance is security. As said in *Henley* v. *Hotaling,* 41 Cal. 22, ''If there is no debt there is no mortgage.'' And in *Ganceart* v. *Henry,* 98 Cal. 281, it is said: ''A deed of conveyance absolute on its face is certainly some evidence that the transaction is what it purports to be, viz., a sale. To establish an equity superior to the deed and authorize a determination that the deed was given as security for an existing debt, the testimony, if parol in character, should establish a clear case.'' (Citing *Hopper* v. *Jones,* 29 Cal. 19,[1] and *Henley* v. *Hotaling,* 41 Cal. 22.) In *Bryant* v. *Broadwell,* 140 Cal. 490, in the opinion it is said: ''Defendant's claim that the deed was in fact executed as a mortgage finds considerable support in the evidence, but there was evidence contrary thereto, sufficient to sustain the finding. It must be borne in mind in this connection that if a deed purports on its face to grant real property, the burden is on the party claiming it to be only a mortgage to establish that fact.'' Here that was not done.

The order appealed from is affirmed.

Shaw, J., and Angellotti, J., concurred.

---

[1] 87 Am. Dec. 146.